[Civil No. 2363.   Filed October 17, 1925.]

[239 Pac. 1030.]

# OSCAR JONES, Appellant, v. CITY OF PHOENIX, Appellee.

MUNICIPAL CORPORATIONS—NOT LIABLE FOR NEGLIGENCE OCCURRING IN COLLECTION OF GARBAGE.—A city is not liable for negligence occurring in the collection of garbage, such work being governmental in its nature, in which it has the exemptions of the sovereignty.

See (1) 12 Cyc., p. 1259.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. C. Struckmeyer, Judge. Affirmed.

Mr. C. H. Young and Mr. John W. Ray, for Appellant.

Mr. W. L. Barnum, City Attorney, for Appellee.

LOCKWOOD, J.—This is an action for personal injuries. The allegations of the complaint are in substance as follows: Oscar Jones, hereinafter called plaintiff, was employed by the city of Phoenix, a municipal corporation, hereinafter called defendant, in loading and unloading an autotruck which was used in the collection of garbage by defendant. While the truck was hauling garbage to the city dump the driver, who was a fellow-servant of plaintiff, lost control of the truck on account of its being run at an excessive rate of speed, and the further reason that the brakes and steering-gear thereof were, to the knowledge of defendant, defective. It became ap-

Liability of municipal corporation for injuries inflicted by servant while engaged in removing ashes or garbage, see notes in 14 A. L. R. 1473; 32 A. L. R. 988; 5 L. R. A. (N. S.) 1005. See, also, 19 R. C. L. 1128.

parent to plaintiff and the other workmen who were, in the discharge of their duties, riding on the truck that it was about to run into a deep canal and their lives would be greatly endangered. They therefore jumped from the truck in an effort to save themselves, and as a result plaintiff was seriously injured, to his claimed damage in the sum of ten thousand dollars.

A general demurrer was filed, and also a special demurrer, on the ground that it appeared the defendant was operating the truck in the exercise of a governmental function. The same objection was raised by the answer. After due consideration the demurrer was sustained, and, plaintiff electing to stand on his complaint, judgment was rendered for defendant. From the order and judgment plaintiff appeals.

It is apparent that, had defendant been a private individual or corporation, a good cause of action in negligence was stated by the complaint. There is, therefore, but one question for us to determine, and that is whether or not a municipal corporation in Arizona is liable for its negligence when occurring in the collection of garbage.

It is, of course, settled in this jurisdiction that the state itself, by reason of its sovereignty, is immune from prosecution in the courts and from liability to respond in damages for negligence, except in those cases where it has expressly waived immunity or affirmed liability by constitutional or legislative enactment. *State* v. *Sharp,* 21 Ariz. 424, 189 Pac. 631.

Now a municipal corporation is "a legal institution formed by charter from sovereign power . . . for the purpose and with the authority of subordinate self-government and improvement and local administration of affairs of state" (28 Cyc. 117), or "an agency of the state to discharge some of the functions of government" (*People* v. *Coler,* 166 N. Y. 1, 82 Am. St. Rep. 605, 52 L. R. A. 814, 59 N. E. 716.

It is more, however, than a mere instrument of government, and, as is said in *Kaufman* v. *City of Tallahassee*, 84 Fla. 634, 30 A. L. R. 471, 94 South. 697:

"A municipality is organized within certain limits of territory for local advantage and convenience of the people in the particular locality. While it may be a public agency of the state in some of its activities, it is possessed of local franchises and rights which pertain to it as a legal personality or entity for its *quasi* private (as distinguished from public) corporate advantage."

The courts have, therefore, from an early time held that, when acting in its governmental capacity, it had the exemptions of the sovereignty, but while for its *quasi*-private benefit it was subject to the liabilities of an individual. This rule is of such almost universal acceptance in the jurisdictions which have adopted the theory of the exemption of the state that we accept it as the undoubted law of Arizona. The authorities are so united on this point that no extensive citations are necessary. 28 C. J. 1527, 1528, and note.

When, however, we come to the application of the rule, we find the utmost confusion as to where and how the line of demarcation should be drawn. We therefore consider the cases involving negligence occurring in work like that in which plaintiff in this case was engaged, viz., the sanitary service of the city. Almost without exception these hold that such work is governmental in its nature, and that the municipality is not liable. *Condict* v. *Jersey City,* 46 N. J. L. 157; *Scibilia* v. *City of Philadelphia,* 279 Pa. 549, 32 A. L. R. 981, 124 Atl. 273; *Kuehn* v. *Milwaukee,* 92 Wis. 263, 65 N. W. 1030; *Behrmann* v. *City of St. Louis,* 273 Mo. 578, 201 S. W. 547; *City of Louisville* v. *Carter,* 142 Ky. 443, 32 L. R. A. (N. S.) 637, 134 S. W. 468; *Kippes* v. *Louisville,* 140 Ky. 423,

30 L. R. A. (N. S.) 1161, 131 S. W. 184; *Mayor, etc.,*
v. *Jordan,* 142 Ga. 409, Ann. Cas. 1916C, 240, L. R. A.
1915C, 741, 83 S. E. 109; *Harris* v. *District of Colum-
bia,* 256 U. S. 650, 14 A. L. R. 1471, 65 L. Ed. 1146,
41 Sup. Ct. Rep. 610.

The opinion in *Love* v. *City of Atlanta,* 95 Ga. 129,
51 Am. St. Rep. 64, 22 S. E. 29, sets forth the reason
for the rule so clearly that we quote therefrom:

"With respect to matters concerning the public
health, however, there is no serious conflict of reason,
opinion, or authority upon the correctness of the propo-
sition that the preservation of the public health is
one of the duties that devolves upon the state as a
sovereign power. It is such a duty as, upon proper
occasion, justifies the exercise of the right of eminent
domain and the demolition of structures which en-
danger or imperil the public health. In the discharge
of such duties as pertain to the health department
of the state, the state is acting strictly in the dis-
charge of one of the functions of government. If the
state delegate to a municipal corporation, either by
general law or by particular statute, this power, and
impose upon it, within its limits, the duty of taking
such steps and such measures as may be necessary
to the preservation of the public health, the municipal
corporation likewise, in the discharge of such duty,
is in the exercise of a purely governmental function,
affecting the welfare not only of the citizens resident
within its corporation, but of the citizens of the com-
monwealth generally, all of whom have an interest
in the prevention of infectious or contagious diseases
at any point within the state, and in the exercise of
such powers is entitled to the same immunity against
suit as the state itself enjoys. Such a duty would
stand upon the same footing as its duty to preserve
the public peace, and its liability or nonliability would
depend upon the same principle which relieves the city
from liability for the misfeasance of a police officer in
the discharge of his duty. . . .

"Let us inquire, then, whether the particular ser-
vice being performed by this particular servant of
the corporation had special reference to the preserva-

tion of the public health. The accumulation of gar-
bage, . . . of substances which, if permitted to remain,
would poison the atmosphere, and breed diseases,
infectious and contagious among the inhabitants
of the city, may well be said to endanger the public
health. The preservation of the public health in-
volves the removal of those causes which are cal-
culated to produce disease. According to the undis-
puted testimony in the case, the driver of this garbage
cart and the alleged refractory mule were engaged
actually in the removal from the streets of substances
similar to those described above. However incon-
gruous it may appear to be to say that this diminutive
darkey and this refractory mule were engaged in the
performance of some of the functions of government,
it is nevertheless true. . . . ''

The cases of *Fowler* v. *City of Cleveland,* 100 Ohio
St. 158, 9 A. L. R. 131, 126 N. E. 72, and *Kaufman*
v. *Tallahassee, supra,* cited by plaintiff, can only be
sustained in logic on the theory that no administrative
act is governmental in its nature, which, as we have
seen, is contrary to the overwhelming weight of au-
thority.

We believe in the justice of the state compensating
its employees for injuries sustained in its service,
and note with pleasure that the new Compensation
Act (Laws 1925, c. 83) covers such employees, but we
can only declare the law to be what it is at the time
when a case arises, instead of what we as citizens
might wish it were. For the foregoing reasons the
judgment of the lower court is affirmed.

McALISTER, C. J., and ROSS, J., concur.