781 P.2d 637

**CITY OF TUCSON, a municipal corporation, and the State of Arizona, Petitioners,**

**v.**

**Honorable Philip FAHRINGER, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent,**

**and**

**Christopher James WESTLEY, a single individual, and Lyle Goodwin, a single individual, Real Parties in Interest.**

No. 2 CA–SA 88–0072.

Court of Appeals of Arizona, Division 2, Department A.

July 21, 1988.

Review Granted Jan. 26, 1989.

Slutes, Sakrison, Even, Grant & Pelander, P.C. by John Pelander, Tucson, for petitioner City of Tucson.

Murphy, Clausen & Goering, P.C. by David L. Berkman, Tucson, for petitioner State.

Haralson, Kinerk & Morey, P.C. by Dale Haralson and Gregory G. Wasley, Tucson, for real parties in interest.

Thomas E. Collins, Maricopa Co. Atty. by Richard A. Stewart, Phoenix, amicus curiae.

## OPINION

HATHAWAY, Judge.

The sole issue in this special action is the constitutionality of an affirmative defense to claims against public entities created by the legislature in A.R.S. § 12–820.03(2), which precludes liability for certain injuries attributable to the fault of a person driving while under the influence of intoxicating liquor. Because petitioners have no adequate remedy by appeal and the question involves significant issues of law arising from a statute not previously interpreted, we assume jurisdiction. Ariz.R.P.Spec. Action 1, 17A A.R.S.; *City of Tucson v. Fleischman*, 152 Ariz. 269, 270, 731 P.2d 634, 635 (App.1986).

The real parties in interest, Christopher James Westley and Lyle Goodwin, are the plaintiffs in a superior court action brought against Manuel Lopez, the City of Tucson, and the State of Arizona. The facts giving rise to that lawsuit are as follows. On March 9, 1985, Westley and Goodwin accepted a ride from Lopez, whom they did not know, outside a local nightclub. Lopez drove past the area where Westley and Goodwin had told him that they lived, traveling westbound on Speedway Boulevard. Lopez made an abrupt U-turn on Speedway and began to drive east, passing the Interstate 10 interchange. Lopez' vehicle left the roadway, ran over a curb, and collided with a concrete abutment. The police report indicates that Lopez smelled of intoxicants and, during treatment for his injuries at a local hospital, hospital personnel analyzed a blood sample and determined that

Lopez had a blood alcohol content of .25 percent. Westley and Goodwin sustained serious injuries in the collision; as a result, Westley is permanently confined to a wheelchair.

In their complaint against the City of Tucson and the State of Arizona, Westley and Goodwin alleged that West Speedway Boulevard in the vicinity of the accident, the median and the concrete abutment were negligently designed, constructed, maintained, signed, lighted and controlled. In answering the complaint, the city and state both raised A.R.S. § 12–820.03(2) as an affirmative defense. Westley and Goodwin filed a motion to strike that defense, arguing that the statute is unconstitutional. The respondent judge granted the motion to strike, finding that § 12–820.03(2) violates article 18, § 6 of the Arizona Constitution.

## I. DOES ARTICLE 18, § 6 OF THE ARIZONA CONSTITUTION PROTECT A RIGHT OF ACTION AGAINST A PUBLIC ENTITY?

In 1984, the legislature passed an act entitled "Actions Against Public Entities or Public Employees." A.R.S. §§ 12–820 to –826. By passing that act, the legislature modified the strict application of the doctrine of sovereign immunity and undertook to define public entities' liability for negligence. *See* 1984 Ariz.Sess.Laws, ch. 285, § 1, para. A. The act also establishes certain affirmative defenses available to a public entity or public employee. The provision at issue in this case provides as follows:

Neither a public entity nor a public employee is liable for an injury:

\* \* \* \* \* \*

2. Which is attributable to the fault of a person, other than a public employee, driving a motor vehicle while the person was under the influence of intoxicating liquor. This paragraph does not apply to persons who are not passengers or to minors who are passengers riding in or upon the motor vehicle.

A.R.S. § 12–820.03(2). The respondent judge determined that § 12–820.03(2) violates the following provision of the Arizona Constitution:

> The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation.

Ariz. Const. art. 18, § 6. Our supreme court has described that clause as having been enacted "to elevate the common law action of negligence to constitutional stature to preserve the right inviolate." *Ruth v. Industrial Commission*, 107 Ariz. 572, 575, 490 P.2d 828, 831 (1971).

### A. Action Under the Common Law

When our constitution was adopted in 1912, the doctrine of sovereign immunity cloaked the state with immunity from suit. *See Ryan v. State*, 134 Ariz. 308, 656 P.2d 597 (1982). Additionally, municipal liability was not recognized at the time Arizona's constitution was adopted. *See Morrell v. City of Phoenix*, 16 Ariz. 511, 147 P. 732 (1915); *see also Larsen v. County of Yuma*, 26 Ariz. 367, 225 P. 1115 (1924). Exceptions to the sovereign immunity doctrine have been created since that time, both through case law and legislation. *See* A.R.S. §§ 12–820 to –826; *Ryan v. State*, 134 Ariz. 308, 656 P.2d 597 (1982); *Stone v. Arizona Highway Commission*, 93 Ariz. 384, 381 P.2d 107 (1963).

■ The right of action now claimed by Westley and Goodwin did not exist at the time the constitution was adopted. Suit against a public entity was not one of those rights of action for which the framers sought to preserve or create judicial remedies for "wrongs traditionally recognized at common law." *Boswell v. Phoenix Newspapers, Inc.*, 152 Ariz. 9, 17, 730 P.2d 186, 194 (1986), *cert. denied*, 481 U.S. 1029, 107 S.Ct. 1954, 95 L.Ed.2d 527 (1987). Because a cause of action against the state or a municipal corporation was not recognized at that time, it is not afforded protection by article 18, § 6 of our constitution. *Bryant v. Continental Conveyor & Equipment Co.*, 156 Ariz. 193, 751 P.2d 509 (1988).

### B. Abrogation

In determining whether legislation runs afoul of the constitutional protection afforded negligence actions, courts also look to whether the statute in question effectively abrogates such a right of action. In *Ruth v. Industrial Commission, supra,* our supreme court recognized that article 18, § 6, is implicated when a right of action is "completely abolished." The court quoted with approval the following language:

> If [the statute] ... were to be construed as taking away the right to pursue the constitutional action of negligence *without granting a reasonable election* to all persons entitled thereto, it would indeed be unconstitutional....

107 Ariz. at 575, 490 P.2d at 831, *quoting Moseley v. Lily Ice Cream Company*, 38 Ariz. 417, 421, 300 P. 958, 959 (1931) (emphasis added in *Ruth* ). Recently, our supreme court has stated that "any statute which bars a cause of action before it could legitimately be brought abrogates rather than limits the cause of action and offends art. 18, § 6 of the Arizona Constitution." *Kenyon v. Hammer*, 142 Ariz. 69, 75, 688 P.2d 961, 967 (1984), *vacated in part on other grounds, James v. Phoenix General Hospital, Inc.*, 154 Ariz. 588, 744 P.2d 689 (1986). *See also Bryant v. Continental Conveyor & Equipment Co.*, 156 Ariz. at 197, 751 P.2d at 513 (Feldman, VCJ, dissenting). A statute will not be found to violate the abrogation clause

> so long as it leaves a claimant reasonable alternatives or choices which will enable him or her to bring the action. [The legislature] may not, under the guise of "regulation," so affect the fundamental right to sue for damages as to effectively deprive the claimant of the ability to bring the action.

*Barrio v. San Manuel Division Hospital for Magma Copper Co.*, 143 Ariz. 101, 106, 692 P.2d 280, 285 (1984). Stated another way, article 18, § 6 guarantees that plaintiffs are entitled to enforce their claims in court "without the necessity of overcoming practically insurmountable defenses" created by statute. *Id., quoting Industrial Commission v. Crisman*, 22 Ariz. 579, 595,

199 P. 390, 395 (1921) (McCalester, J., concurring).

In the instant case, the respondent judge concluded that A.R.S. § 12–820.03(2) requires a plaintiff to overcome practically insurmountable defenses "given the existence of a substantial number of drunk drivers who are uninsured." The court further stated in its minute entry order:

> The statute in question limits an injured plaintiff to attempting to collect compensation from a drunk driver who may not be identifiable, may not be locatable for service, or who may not be insured. This is true even in cases where negligence of the State or City far exceeds that of the drunk driver. For example, if the State were to cause a large boulder to fall onto a highway and a driver who was under the influence of intoxicating liquor and was partially at fault crashed into it, the injured plaintiff would be totally barred from seeking relief from the State or City. It is one thing to limit the City's liability to its percentage of the total fault as contribution statutes do, but it [is] something else again to totally bar a plaintiff from any remedy against the State or City. The statute in question limits an injured plaintiff to alternatives that in many cases would be useless, and the statute violates art. 18, § 6.

■ Where injuries are partially attributable to a driver under the influence of intoxicating liquor, A.R.S. § 12–820.03(2) bars any claim by the driver or his adult passengers against a public entity. It creates a limited defense and requires that certain questions of fact be litigated and decided by the trier of fact. Specifically, the trier of fact first must determine whether the driver was under the influence of intoxicating liquor and, second, whether the injuries are attributable to the fault of that driver. Thus it is clear that, if the trier of fact finds that injuries resulted in a collision involving a driver under the influence of intoxicating liquor but that those injuries are not at all attributable to the fault of that driver, recovery against the public entity is not prohibited. However, "where an accident is caused by the fault of a drunk driver even where the governmental entity also may be at fault in some causal way in contributing to the accident," there is no liability on the part of the public entity. Majority Report of the Governor's Commission on Governmental Tort Liability, p. 14 (1983).

A.R.S. § 12–820.03(2) does not eliminate or abrogate a negligence claim. A driver and/or his non-minor passengers can sue a public entity and recover under certain circumstances. The plaintiffs may prove the driver was not under the influence of intoxicants and/or that the accident was not attributable to the driver's fault. The statute does not create insurmountable hurdles for the class of plaintiffs to which it applies. We find no violation of article 18, § 6 of the Arizona Constitution.

## II. EQUAL PROTECTION

Although the trial court based its determination solely on the abrogation clause discussed above, Westley and Goodwin also argued that A.R.S. § 12–820.03(2) violates the equal protection clause of our constitution, which provides:

> No law shall be enacted granting to any citizen, class of citizens, or a corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations.

Ariz. Const. art. 2, § 13. The test applied to this statutory challenge is the "rational basis" test under which a statutory classification will be found to violate equal protection guarantees only if the classification is based on grounds wholly irrelevant to the achievement of the state's objectives. *Bryant v. Continental Conveyor and Equipment Co.*, 156 Ariz. at 196, 751 P.2d at 512. As long as the statute is not arbitrary or irrational, and is reasonably related to a legitimate state purpose, it will be upheld.

In searching the history of this statute, we find no specific legislative consideration of relevancy to state objectives. *See* Minutes of Meeting, House Committee on Government Operations, March 28, 1984; Minutes of Meeting, Senate Judiciary Com-

mittee, February 13, 1984. The Governor's Commission on Government Tort Liability had proposed a governmental tort claims act which eliminated all liability on the part of the government where an accident was caused by the fault of a drunk driver even where the public entity was also at fault in contributing to the accident. Majority Report, *supra* at 14. The defense proposed by the commission provided that a public entity would not be liable "for any damages ... [w]hich are attributable to the fault of a person driving a motor vehicle under the influence of intoxicating liquor." Majority Report, *supra* at 22–23.

The legislature avoided the harsher result of the defense as proposed by providing that the defense applies only to the drunk driver and his or her adult passengers. From this, we infer two legitimate state objectives both related to the legislature's recognition of the injuries which result on our roads and highways at the hands of drivers who drive while intoxicated. *Cf. Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986). First, the defense clearly is intended to discourage drivers from operating a vehicle while intoxicated. In view of the fact that the defense applies to adult passengers, we also infer an intent to encourage riders to ascertain the sobriety of their drivers and to discourage drunks from driving by putting passengers on notice that they accept rides with drunk drivers at their peril. In differentiating between adult and minor passengers, the legislature must have presumed some awareness on the part of the adult of a driver's state of intoxication. Second, the legislature intended that public monies not be expended to compensate for injuries resulting to adult passengers at the hands of their drunk drivers.

■ We cannot say that § 12–820.03(2) is irrelevant to the achievement of the state's objectives. The classification created by A.R.S. § 12–820.03(2), that drunk drivers and their non-minor passengers

may not recover against a public entity if their injuries are attributable to the fault of the drunk driver, is reasonably related to the legislature's purpose in deterring drunk driving and avoiding extensive public expense in situations where injuries are attributable to the fault of a drunk driver. Under this test, we will not find a statute unconstitutional merely because it results in some inequality in practice. *Bryant v. Continental Conveyor and Equipment Co.*, 156 Ariz. at 196–97, 751 P.2d at 512–13. The fact that Lopez may have been intoxicated and that the real parties in interest did not realize it when they accepted a ride from Lopez does not result in a violation of, the equal protection clause.[1] This may be a case of "inequality in practice," but that does not render the statute unconstitutional.

## III.  CONTRIBUTORY NEGLIGENCE

■ Westley and Goodwin also argue that A.R.S. § 12–820.03(2) violates article 18, § 5 of the Arizona Constitution, which provides:

The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury.

The statute at issue here is not based on contributory negligence. The trier of fact is not called upon to determine plaintiffs' contributory fault. Instead, the legislature has decided that public entities should not be held liable for certain injuries attributable to the fault of a drunk driver. The trier of fact is required only to determine the fault of the defendant public entity and the defendant driver.

Even if we treat § 12–820.03(2) as having an impact on the contributory negligence/assumption of risk defenses, there is no constitutional violation. Article 18, § 5 "does not in any way, shape or form guarantee the contributory negligence defense independent constitutional vitality." *Hall v. A.N.R. Freight System, Inc.*, 149 Ariz.

---

1. While a more fair reading of the statute would require the trier of fact to apportion fault between the drunk driver and the public entity as with a sober driver, the commission clearly expressed the intent of the statute to preclude recovery where the injuries are at all attributable to the drunk driver, and the legislature did not express a contrary intent.

130, 134, 717 P.2d 434, 438 (1986). It prescribes the procedure that must be followed if contributory negligence is asserted as a defense, but it "does not restrict the power of the legislature *to modify or abolish* the defense of contributory negligence." *Id., quoting Superior & Pittsburg Copper Co. v. Tomich,* 19 Ariz. 182, 186, 165 P. 1101, 1109 (1917) (emphasis added in *Hall*).

The trial court's order granting plaintiffs' motion to strike and finding A.R.S. § 12–820.03(2) unconstitutional is vacated, and the cause is remanded with instructions to reinstate the affirmative defense alleged by the city and state pursuant to that statute.

LIVERMORE, P.J., and
FERNANDEZ, J., concur.