795 P.2d 819

CITY OF TUCSON, a municipal
corporation, and the State of
Arizona, Petitioner,

v.

Honorable Philip FAHRINGER, Judge of
the Superior Court of the State of Arizona, in and for the County of Pima,
Respondent,

and

Christopher James WESTLEY, a single
individual, and Lyle Goodwin, a single
individual, Real Parties in Interest.

No. CV–88–0469–PR.

Supreme Court of Arizona,
En Banc.

July 12, 1990.

.Slutes, Sakrison, Even, Grant & Pelander, P.C. by John Pelander, Tucson, for
City of Tucson.

Murphy, Goering, Roberts & Holt, P.C.
by David L. Berkman, Tucson, for State of
Ariz.

Haralson, Kinerk & Morey, P.C. by Dale
Haralson, Gregory G. Wasley, Tucson, for
real parties in interest.

Gallagher & Kennedy, P.A. by W.
Charles Thomson III, Judith A. Morse,
Phoenix, for amicus curiae Phoenix Ass'n
of Defense Counsel.

Robert K. Corbin, Atty. Gen. by Judith
Elaine Abramsohn, Phoenix, for amicus curiae State of Ariz.

The Langerman Law Offices by Amy G.
Langerman, Phoenix, for amicus curiae
Ariz. Trial Lawyers Ass'n.

Shelley & Behea by J. LaMar Shelley,
Mesa, for amicus curiae League of Ariz.
Cities and Towns.

## OPINION

FELDMAN, Vice Chief Justice.

Christopher James Westley and Lyle
Goodwin (plaintiffs) petition us to review a
court of appeals opinion that vacated a trial
court order granting plaintiffs' motion to
strike the affirmative defense of A.R.S.
§ 12–820.03(2). *See City of Tucson v. Fahringer*, 162 Ariz. 159, 781 P.2d 637 (Ct.App.
1988). The trial court ruled that A.R.S.
§ 12–820.03(2) violates article 18, § 6 of the
Arizona Constitution. We granted review
to determine whether the statute is constitutional. Rule 23, Ariz.R.Civ.App.P., 17B
A.R.S. We have jurisdiction pursuant to
Ariz. Const. art. 6, § 5(3), and A.R.S.
§ 12–120.24.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs, passengers in a vehicle involved in a one-car accident, sued the driv-

er, the City of Tucson (City), and the State of Arizona (State). They claimed the City and State negligently designed, constructed, maintained, signed, lighted, and controlled the roadway, sidewalk, median, and concrete headwall in the vicinity of the collision and that such negligence was *a* cause of the accident.

The City and State alleged that the driver was under the influence of intoxicating liquor at the time of the accident and raised A.R.S. § 12–820.03(2) as an affirmative defense to the passengers' claims.[1] The statute declares that a "public entity" is not liable to adult passengers who are injured while riding in a vehicle driven by an individual under the influence of alcohol. It also applies to the intoxicated driver. At least the parties have assumed as much. Plaintiffs moved to strike the defense, contending the statute is unconstitutional. The trial court agreed and granted the motion. *See* Rule 12(g), Ariz.R.Civ.P., 16 A.R.S.

The City and State petitioned the court of appeals for special action relief.[2] The court of appeals accepted jurisdiction and vacated the trial court's order, holding that A.R.S. § 12–820.03(2) violates neither article 18, § 6 nor article 18, § 5 of our constitution. *Fahringer*, 162 Ariz. at 164, 781 P.2d at 642.

Plaintiffs petitioned for review of the opinion that favored the City,[3] raising a number of constitutional challenges to the statute. We granted review and ordered supplemental briefing on article 18, § 5 of the Arizona Constitution.

## DISCUSSION

### A. Actions Against Public Entities or Public Employees Act

#### 1. *Legislative History of Act*

In 1982, we reaffirmed our decision in *Stone v. Arizona Highway Commission,* 93 Ariz. 384, 392, 381 P.2d 107, 112 (1963), which held that when a government entity or employee is a defendant in a tort action, "the rule is liability and immunity is the exception." *See Ryan v. State,* 134 Ariz. 308, 656 P.2d 597 (1982). The legislature responded the following year by introducing Senate Bill 1391. S. 1391, 36th Leg., 1st Sess. (1983). When the bill failed to pass house approval, the governor appointed a Commission on Governmental Tort Liability. *See* Note, *A Separation of Powers Analysis of the Absolute Immunity of Public Entities,* 28 ARIZ.L.REV. 49, 50 (1986). The Commission drafted a tort claims act and submitted its final report to the legislature on December 16, 1983.

In 1984, relying in part on the report, the legislature enacted the Actions Against Public Entities or Public Employees Act (Act). Act of April 25, 1984, ch. 285, 1984 Ariz. Sess. Laws 1091 (codified at A.R.S. §§ 12–820 to 12–823 (Supp.1985)). The Act codified various common law doctrines that conferred absolute and qualified immunity on various public entities and employees.[4] The Act also permitted governmental enti-

---

1. The statute, in pertinent part, reads as follows:
   **§ 12–820.03. Affirmative defenses**
   Neither a public entity nor a public employee is liable for an injury:
   .     .     .     .     .
   2. Which is attributable to the fault of a person, other than a public employee, driving a motor vehicle while the person was under the influence of intoxicating liquor. This paragraph does not apply to persons who are not passengers or to minors who are passengers riding in or upon the motor vehicle.

2. In Arizona, relief formerly obtained by writs of prohibition, mandamus or certiorari is now obtained by "special action." Rule 1, Arizona Rules of Procedure for Special Actions, 17B A.R.S.

3. Plaintiffs had stipulated to voluntarily dismiss their complaint against the State. Based on that stipulation and the City's promise not to seek contribution from the State, the trial court dismissed the complaint against the State with prejudice.

4. In the Act's prefatory statement, the legislature reaffirmed the now well settled common law notion that governmental immunity is the exception and liability the rule, when it stated that "the public policy of this state [is] that public entities are liable for acts and omissions of employees in accordance with the statutes and common law of this state." *See* A.R.S. § 12–280, Historical Note. This principle of law was established in *Stone.*

ties and their employees to raise affirmative defenses in actions sounding in tort. A.R.S. § 12–820.03.

Where applicable, the statute at issue establishes an affirmative defense in favor of government entities that acts as an absolute bar to the action. We turn to examine its provisions.

### 2. A.R.S. § 12–820.03(2)

The City argues that the statute absolves the City and its employees of any liability for their negligent conduct in any case in which an action is brought by a drunk driver or his adult passenger and when the driver's conduct was in any way a cause for the injuries sustained.[5] Plaintiffs first argued that A.R.S. § 12–820.03(2) cannot withstand constitutional scrutiny because it eliminates all remedies and thus violates article 18, § 6 of the Arizona Constitution which prohibits the abrogation of the common law cause of action for damages.[6] The City responded that because no established right of action for negligence against a city or the state existed at the time Arizona's constitution was adopted, plaintiffs may not invoke the protection article 18, § 6 provides.[7] Assuming, without deciding, that the City's point is relevant, we need not struggle with ascertaining the common law rule regarding municipalities at the time the constitution was adopted because this case is controlled by our recent decision in *Schwab v. Matley,* 164 Ariz. 421, 793 P.2d 1088 (1990).

### B. Constitutional Protections

Plaintiffs argue that the affirmative defense established by A.R.S. § 12–820.03(2) violates article 18, § 5 because it requires the application of the doctrine of contributory negligence to bar an adult passenger's recovery as a matter of law. So characterized, the dispositive issue in this case is nearly identical to the one raised in *Schwab:* Does a statute violate article 18, § 5 by providing that the antecedent conduct of a person injured is an absolute bar to the recovery of damages from one otherwise liable for the injury under either statutory or common law principles?

---

5. The City's interpretation of the statute under these circumstances is that "the statute applies if the public entity establishes that the accident was attributable at all to the fault of a driver under the influence of intoxicating liquor." City's Supplemental Answering Brief, at 11 (filed March 8, 1989) (citing Commission's Majority Report, at 14). The City's view is well founded. The Commission Report states that "where an accident is caused by the fault of a drunk driver even where the governmental entity also may be at fault in some causal way in contributing to the accident," there is no liability on the part of the public entity.

6. *See City of Dover v. Imperial Casualty & Indem. Co.,* 575 A.2d 1280 (N.H.1990) (invoking state's certain remedies clause to prevent city from declaring itself immune).

7. We note in passing that the doctrine of local governmental immunity was never completely accepted by our courts. *See* C. RHYNE, THE LAW OF LOCAL GOVERNMENT OPERATIONS (1980). A common law distinction existed whereby courts imposed liability for harms arising in connection with proprietary (sometimes called "private," "corporate," or "ministerial") functions. *See* Restatement (Second) of Torts § 895C, comment b (1977); Repko, *American Legal Commentary on the Doctrines of Municipal Tort Liability,* 9 LAW & CONTEMP. PROB.

214 (1942). We recognized this established distinction when we stated that "courts have ... from an early time held that, when acting ... for its quasi-private benefit [a city] was subject to the liabilities of an individual. This rule is of such almost universal acceptance ... that we accept it as the undoubted law of Arizona." *Jones v. City of Phoenix,* 29 Ariz. 181, 183, 239 P. 1030, 1031 (1925); *see also Harlan v. City of Tucson,* 82 Ariz. 111, 115, 309 P.2d 244, 247 (1957); *City of Phoenix v. Lopez,* 77 Ariz. 146, 150, 268 P.2d 323, 325 (1954); *City of Phoenix v. Mayfield,* 41 Ariz. 537, 545, 20 P.2d 296, 299 (1933); *City of Phoenix v. Clem,* 28 Ariz. 315, 327, 237 P. 168, 172 (1925) ("standard of care imposed upon a municipality is that of an ordinarily prudent man. It is bound to keep its streets reasonably safe for travel"); *City of Tucson v. Dunseath,* 15 Ariz. 355, 363, 139 P. 177, 180 (1914) ("in the performance of administrative acts, the rule almost universally accepted at the present time is that a municipal corporation is liable for injuries caused by negligent or wrongful acts of its servants and agents, for which it is responsible"). The governmental/proprietary distinction failed to provide consistent results because the courts were unable to devise a satisfactory test for distinguishing the functions. *See* Rhyne, at 1043; *see also Jones,* 29 Ariz. at 183, 239 P. at 1031 ("when ... we come to the application of the rule, we find the utmost confusion as to where and how the line of demarcation should be drawn").

Article 18, § 5 of the Arizona Constitution provides:

> The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times be left to the jury.

The City argues that the statutory defense does not depend on any acts or omissions of plaintiffs/passengers but is based on the legislative determination that governmental liability should not exist when an accident is caused in whole or part by a drunk driver. The statute, however, does not purport to restore the doctrine of governmental immunity. Rather, it establishes a defense triggered by the plaintiff's conduct. We note, in fact, that the legislature affirmatively decided to adhere to the common law rule of tort liability announced in *Ryan* when it specifically rejected proposals that would have deleted reference to common law principles. *See* note 4, *supra.* The proposal *rejected* would have provided that governmental entities "shall be liable ... [only] within the limitations of this act and in accordance with the fair and uniform principles established in this act." *See Pritchard v. State of Arizona,* 163 Ariz. 427, 431, 788 P.2d 1178, 1182 (1990) (citing S. 1225, 36th Leg., 2d Sess. (1984)).

Analyzed according to common law principles, the statute either effectively finds the passenger at fault for failing to discover the driver's inebriation, imputes knowledge of the driver's inebriation, or is triggered by actual knowledge, and in all events bars the action as a matter of law. As the court of appeals opined, "the defense clearly is intended to discourage drivers from operating a vehicle while intoxicated," and the legislature "inten[ded] to encourage riders to ascertain the sobriety of their drivers and to discourage drunks from driving by putting passengers on notice that they accept rides with drunk drivers at their peril." *Fahringer,* 162 Ariz. at 163, 781 P.2d at 641. As applied in this case, the statute declares that because the person injured had engaged in certain pre-accident conduct—riding in an automobile driven by a drunk driver—any cause of action he may have against the City is barred, even though the City's negligence might have been a causative factor. Because the statute deals with plaintiff's conduct prior to the accident, it embodies the traditional common law defense of contributory negligence.[8] *Schwab,* 164 Ariz. at 423, 793 P.2d at 1090.

Accordingly, we are not persuaded by the City's argument that the statute does not relate to contributory negligence. "Contributory negligence is conduct on the part of the plaintiff, contributing as a legal cause to the harm he has suffered...." *See Schwab,* 164 Ariz. at 424, 793 P.2d at 1091 (quoting PROSSER AND KEETON ON THE LAW OF TORTS § 65, at 451 (5th ed. 1984)). The inquiry must be directed toward determining whether plaintiff's conduct falls below the standard to which he is required to conform for his own protection. *See Gosewisch v. American Honda Motor Co.,* 153 Ariz. 400, 406, 737 P.2d 376, 382 (1987). In this case, the statute clearly deals with and sets a standard for the antecedent conduct of the person injured. As we stated in *Schwab,* "[i]f there is a difference between this and contributory negligence, we are unable to perceive it." 164 Ariz. at 424, 793 P.2d at 1091. Here, as in *Schwab,* prior to the enactment of the statute any lawyer filing an answer to the complaint would have raised the fact that plaintiff was injured as a result of riding with a drunk driver under the rubric of contributory negligence.

The Arizona Constitution forbids either the trial judge or the legislature from interfering with the plaintiff's right to have a jury examine the existence or extent of contributory negligence. As we explained in *Schwab:*

> Such defenses "in all cases" are questions of fact for the jury (article 18, § 5), and we have held that the trial judge is forbidden, therefore, to dismiss on the

---

**8.** Plaintiffs also cite a number of cases in Arizona and other jurisdictions that indicate it is well settled that a passenger who knowingly rides in an automobile with a driver who is under the influence may be contributorily negligent or may have assumed the risk of injury. *See, e.g., Davis v. Waters,* 103 Ariz. 87, 436 P.2d 906 (1968).

grounds that contributory negligence or assumption of the risk exists as a matter of law. [Citations omitted.] Certainly, if such issues must always be left to the jury ..., the constitutional provisions must also apply to legislative enactment requiring such dismissal or the protections provided by the constitution would be meaningless.

164 Ariz. at 425, 793 P.2d at 1092.

## CONCLUSION

The statute in question provides an absolute bar to recovery of damages by a particular category of persons who otherwise could proceed with an action for damages. As in *Schwab*, that statute is a legislative codification of the doctrine of contributory negligence. We therefore hold that it violates article 18, § 5 and is void.

Of course, this holding does not mean that the City or other governmental entity is automatically liable to a drunk driver or his passenger whenever it can be established that the governmental entity was negligent in designing, signing, or maintaining a street or highway. Ample defenses exist. Under our constitution, it is the jury that must decide whether the passenger's negligence outweighed the government entity's and to what degree. *See also* A.R.S. § 12–2505. We do not believe the taxpayers sitting on juries will be eager to give their tax dollars to drunk drivers or their negligent passengers except in the most compelling cases. Furthermore, because of changes recently effected in the law of joint and several liability, in the future, government entities will not bear any part of the loss that may be attributable to the fault of an impecunious drunk driver.[9]

In any event, it was the belief of Arizona's founders, expressed in article 18, § 5, that juries composed of ordinary people brought together under the common law system—and not judges or legislators—were to be trusted to render individualized justice under the facts of each case. This court, of course, must require what the constitution requires, which is simply that "in all cases" issues of contributory negligence and assumption of the risk be left to the jury, even if the rule or statute directing otherwise attaches some other name to the defenses.

The opinion of the court of appeals is vacated. The judgment of the trial court is affirmed. The cause is remanded for further proceedings consistent with this opinion.

GORDON, C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.

---

**9.** This case is governed by principles of joint and several liability. The legislative history relating to A.R.S. § 12–820.03 reveals that its proponents had concerns about the inequity that occurs when the state is held 100% liable under joint and several liability principles when it should have been comparatively liable. *See* Minutes of the Committee on Transportation, 36th Leg., 2d Sess., Jan. 26, 1984. After the abolition of joint and several liability, however, public entities, along with other defendants, will bear the cost only for the percentage of damages for which they are causally responsible. *See* A.R.S. § 12–2506, added by Laws 1987, ch. 1, § 2, eff. Jan. 1, 1988.