211 P.3d 1185

**Theresa DeVRIES, surviving parent of Lee DeVries, Deceased, Plaintiff/Appellant,**

v.

**STATE of Arizona, a body politic, and Arizona Department of Transportation, a governmental department of the State of Arizona, Defendants/Appellees.**

**No. 1 CA–CV 07–0399.**

Court of Appeals of Arizona, Division 1, Department E.

March 31, 2009.

---

See also 219 Ariz. 314, 198 P.3d 580.

John P. Leader, Tucson, Attorney for Plaintiff/Appellant.

Terry Goddard, Attorney General by Steven A. LaMar, Isaiah Fields, Phoenix, Attorneys for Defendants/Appellees.

## OPINION

GEMMILL, Judge.

¶ 1 In this appeal we determine the constitutionality of a provision of the qualified immunity statute, Arizona Revised Statutes ("A.R.S.") section 12–820.02(A)(7) (2003). Based upon Article IV, Part 2, Section 18 of the Arizona Constitution and our supreme court's opinion in *Clouse ex rel. Clouse v. State*, 199 Ariz. 196, 16 P.3d 757 (2001), we hold that the legislature did not exceed its authority when it adopted A.R.S. § 12–820.02(A)(7).[1]

## BACKGROUND

¶ 2 In April of 2003, Lee Bryan DeVries was driving his convertible southbound on State Route 101. According to witnesses, DeVries lost control of his vehicle and entered the median where his car hit a three-strand cable median barrier. The purpose of the median barrier was to safely redirect vehicles in the median to prevent cross-median crashes. The cable barrier successfully prevented DeVries' vehicle from crossing into northbound traffic but one of the cables penetrated the soft top of the convertible and entered the passenger compartment, pinning DeVries by the neck. He died of asphyxiation. An autopsy revealed that DeVries' vitreous alcohol level was 0.16% and his blood alcohol level was 0.13%.

¶ 3 Theresa DeVries (hereinafter "Plaintiff"), surviving parent of Lee Bryan DeVries, sued the State for negligent highway design and wrongful death. She alleged that the State breached its common law duty to provide a reasonably safe roadway and failed to comply with generally accepted highway design standards. Specifically, she contended the State was negligent in designing, selecting, installing, constructing, and maintaining the median barrier for State Route 101. The State claimed it was entitled to qualified immunity under A.R.S. § 12–820.02(A)(7) because the accident was attributable to DeVries' violation of A.R.S. § 28–1381 (2003) or § 28–1382 (2003) (regarding driving under the influence of intoxicating liquor) and because DeVries had no evidence of gross negligence or intent on the State's part as required under § 12–820.02(A).[2]

---

1. Article IV, Part 2, Section 18 of the Arizona Constitution provides that "[t]he Legislature shall direct by law in what manner and in what courts suits may be brought against the State."

2. The State also claimed it was entitled to absolute immunity under A.R.S. § 12–820.01 (2003) because the design and selection of the cable barrier system were fundamental governmental policy decisions. Plaintiff argued that the design and selection of the cable barrier system were not fundamental governmental policy decisions under A.R.S. § 12–820.01. The trial court ruled that the State did not have absolute immunity since Plaintiff's claims did not involve fundamental governmental policy decisions. The State does not appeal that ruling here and no issue

¶ 4 Plaintiff contended that A.R.S. § 12–820.02(A)(7) is an unconstitutional legislative codification in violation of Article 18, Section 5 of the Arizona Constitution and application of A.R.S. § 12–820.02(A)(7) would result in an improper limitation of the State's duty to a motorist based on the motorist's conduct. The trial court ruled that the State could raise the qualified immunity defense, but that issues of fact regarding application of the defense would need to be determined by the jury as the trier of fact.

¶ 5 The case proceeded to trial and the State denied fault and asserted qualified immunity. The jury returned a verdict in favor of the State. Plaintiff appeals, arguing that A.R.S. § 12–820.02(A)(7) is unconstitutional and that the trial court erred in allowing the State to claim qualified immunity. Plaintiff also argues that the court erred in its instructions to the jury regarding qualified immunity. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).[3]

### CONSTITUTIONALITY OF A.R.S. § 12–820.02(A)(7)

¶ 6 We review de novo issues of constitutional and statutory interpretation. *Smyser v. City of Peoria*, 215 Ariz. 428, 432, ¶ 8, 160 P.3d 1186, 1190 (App.2007). The primary goal in interpreting a statute is to determine and give effect to the intent of the legislature. *Maycock v. Asilomar Development, Inc.*, 207 Ariz. 495, 499, ¶ 24, 88 P.3d 565, 569 (App.2004). Legislative enactments carry a strong presumption of constitutionality. *LaFaro v. Cahill*, 203 Ariz. 482, 488, ¶ 21, 56 P.3d 56, 62 (App.2002).

¶ 7 Section 12–820.02, entitled "Qualified immunity," provides in pertinent part:

A. Unless a public employee acting within the scope of the public employee's employment intended to cause injury or was grossly negligent, neither a public entity nor a public employee is liable for:

. . . .

7. An injury to the driver of a motor vehicle that is attributable to the violation by the driver of § 28–693, 28–1381 or 28–1382.

A.R.S. § 12–820.02(A)(7).

¶ 8 Plaintiff argues that A.R.S. § 12–820.02(A)(7) is unconstitutional and the trial court should not have allowed the State to assert a qualified immunity defense. In support of this argument, Plaintiff asserts that A.R.S. § 12–820.02(A)(7) interferes with a plaintiff's constitutional right to have a jury decide the issue of contributory negligence, in violation of Article 18, Section 5, of the Arizona Constitution, which states that "[t]he defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." The State responds that § 12–820.02(A)(7) is a constitutional grant of qualified immunity under Article IV, Part 2, Section 18, of the Arizona Constitution. For the reasons that follow, we agree with the State.

¶ 9 Prior to the Arizona Supreme Court's opinion in *Clouse*, Arizona appellate opinions emphasized that immunity is the exception to the general rule that public entities and public employees are subject to tort liability for their negligence. *City of Tucson v. Fahringer*, 164 Ariz. 599, 600, 795 P.2d 819, 820 (1990) (citing *Stone v. Ariz. Highway Comm'n*, 93 Ariz. 384, 392, 381 P.2d 107, 112 (1963), *overruled in part by Grimm v. Ariz. Bd. of Pardons & Paroles*, 115 Ariz. 260, 564 P.2d 1227, (1977)). *See also Backus v. State*, 220 Ariz. 101, 104, ¶ 9, 203 P.3d 499, 502 (2009) (reiterating standard that liability is the rule and immunity is the exception). Because immunity is the exception to the general rule, we narrowly construe immunity provisions that are applicable to governmental entities. *Greenwood v. State*, 217 Ariz. 438, 442–43, ¶ 16, 175 P.3d 687, 691–92 (2008).

regarding A.R.S. § 12–820.01 is presented in this appeal.

**3.** In a separate opinion involving the parties to this appeal, we addressed the applicability of A.R.S. § 12–1841 (Supp.2008). *DeVries v. State*, 219 Ariz. 314, 198 P.3d 580 (App.2008). In accordance with § 12–1841, notice of the challenge to the constitutionality of A.R.S. § 12–820.02(A)(7) was given to the Attorney General, Speaker of the House, and President of the Senate. These officials have not sought to be heard in this proceeding.

"We may not, however, construe an immunity provision so narrowly as to abrogate the legislature's grant of immunity." *Id.* at ¶ 16.

¶ 10 In *Clouse,* our supreme court examined the constitutionality of the immunity granted by A.R.S. § 12–820.02(A)(1). 199 Ariz. at 197, ¶ 1, 16 P.3d at 758. The primary issue was whether the statute constituted an impermissible grant of immunity. *Id.* Holding that the immunity clause found in Article IV, Part 2, Section 18, of the Arizona Constitution "directly addresses the authority of the legislature in relation to actions against the state," the court applied the immunity clause to resolve the case. *Id.* at ¶ 11.

¶ 11 The *Clouse* court observed that after sovereign immunity was abolished by *Stone,* the government was intended to be immune from suit only when necessary to avoid severely hindering a governmental function or thwarting established public policy. *Clouse,* 199 Ariz. at 198–99, ¶¶ 9, 12, 16 P.3d at 759–60 (quoting *Ryan v. State,* 134 Ariz. 308, 311, 656 P.2d 597, 600 (1982), modified by 1984 Ariz. Session Laws ch. 285 § 3 (codified at A.R.S. § 12–820 *et seq.*)). However, after the supreme court in *Ryan* invited the legislature to aid in determining when public entities and public employees would be liable, the legislature adopted the Actions Against Public Entities or Public Employees Act, which includes the statute at issue. *Clouse,* 199 Ariz. at 199, ¶ 13, 16 P.3d at 760. *See generally* A.R.S. §§ 12–820 to –826 (Actions Against Public Entities or Public Employees Act); *Fahringer,* 164 Ariz. at 600, 795 P.2d at 820.

¶ 12 The court in *Clouse* concluded that the immunity clause "confers upon the legislature a power to control actions against the state that it does not possess with regard to actions against or between private parties." *Clouse,* 199 Ariz. at 203, ¶ 24, 16 P.3d at 764. Therefore, the legislature could specify instances when public entities and public employees would be entitled to immunity. *Id.* at ¶¶ 25–26. The supreme court ultimately held that "the legislature did not exceed the authority granted it by article IV, part 2, section 18, when it adopted A.R.S. section 12–820.02.A." *Id.* at ¶ 24. In today's opinion, we follow and apply the reasoning of *Clouse* to uphold the constitutionality of § 12–820.02(A)(7).

¶ 13 Plaintiff argues that the supreme court's decision in *Fahringer* requires us to find A.R.S. § 12–820.02(A)(7) unconstitutional. In *Fahringer,* the City of Tucson argued that plaintiffs' claims were barred by A.R.S. § 12–820.03(2), which provided that "[n]either a public entity nor a public employee is liable for an injury ... [w]hich is attributable to the fault of a person, other than a public employee, driving a motor vehicle while the person was under the influence of intoxicating liquor." *Id.* at 600, 795 P.2d at 820. The City argued that A.R.S. § 12–820.03(2) did not relate to contributory negligence but instead was "based on the legislative determination that governmental liability should not exist when an accident is caused in whole or part by a drunk driver." *Id.* at 602, 795 P.2d at 822. The supreme court disagreed, finding instead that the statute embodied the common law defense of contributory negligence triggered by the plaintiff's conduct. *Id.* Noting that A.R.S. § 12–820.03(2) did not purport to restore governmental immunity, the *Fahringer* court held that the statute violated Article 18, Section 5 and was therefore void. *Id.* at 602–03, 795 P.2d at 822–23.

¶ 14 Plaintiff argues that the language in §§ 12–820.02(A)(7) and 12–820.03(2) is almost identical and that, under *Fahringer,* § 12–820.02(A)(7) is unconstitutional because it impermissibly interferes with a plaintiff's right to have a jury examine the issue of contributory negligence, thereby violating Article 18, Section 5. *Id.* at 603, 795 P.2d at 823. Without Article IV, Part 2, Section 18 of our Constitution and our supreme court's opinion in *Clouse,* we might agree with Plaintiff. But in *Fahringer,* which predates *Clouse,* the supreme court did not cite or address the constitutional foundation for statutory immunity enactments provided by Article IV, Part 2, Section 18. In contrast, *Clouse* demonstrates that Article IV, Part 2, Section 18 supports the Legislature's grant of specific, limited immunity in § 12–820.02(A). *See Clouse* at 203, ¶ 24, 16 P.3d at 764. Because the immunity clause of our Constitution was

not addressed in *Fahringer*, that decision is not controlling here.

¶ 15 We conclude, based on Article IV, Part 2, Section 18 and our supreme court's opinion in *Clouse*, that A.R.S. § 12–820.02(A)(7) is constitutional. Our interpretation recognizes that the broad sweep of Article 18, Section 5 of our Constitution is limited by Article IV, Part 2, Section 18. *Cf. Dunn v. Indus. Comm'n*, 177 Ariz. 190, 196, 866 P.2d 858, 864 (1994) (explaining how conflicting provisions in Article 18, Sections 6 and 8 of our Constitution "work together").

¶ 16 Plaintiff also argues that A.R.S. § 12–820.02(A)(7) is subject to the limitations set forth in *Ryan*, and that because its application is not "necessary to avoid a severe hampering of a governmental function or thwarting of established public policy," it is not a valid grant of immunity. *Ryan*, 134 Ariz. at 311, 656 P.2d at 600. Under *Ryan*, the common law rule was that governmental immunity was appropriate when necessary to avoid severely hindering a governmental function or thwarting established public policy. *Id.; Clouse*, 199 Ariz. at 199, ¶¶ 12, 27, 16 P.3d at 760. However, as discussed above, after *Ryan* invited the legislature to aid in determining when public entities and public employees would be liable, the legislature made specific grants of immunity under the authority of Article IV, Part 2, Section 18, including A.R.S. § 12–820.02(A)(7). *See Clouse*, 199 Ariz. at 199, 202, ¶¶ 12–13, 16 P.3d at 760. In *Clouse*, the supreme court recognized "the express authority the Arizona Constitution confers upon the legislature to define those instances in which public entities and employees are entitled to immunity." *Id.* at ¶ 25 *See also City Of Phoenix v. Fields*, 219 Ariz. 568, 571, ¶ 7, 201 P.3d

529, 532 (2009) ("But although *Stone* and subsequent cases have developed a new common law of government liability, the legislature retains the power to modify the common law and develop this area of the law."). *Clouse* explained that the issue of whether A.R.S. § 12–820.02(A) "furthers a valid public policy" was a decision "for the legislature, not for the court." 199 Ariz. at 203, ¶ 26, 16 P.3d at 764. We conclude, therefore, that A.R.S. § 12–820.02(A)(7) is not invalidated by the limitations set forth in *Ryan*.

¶ 17 Plaintiff further argues that to uphold the constitutionality of A.R.S. § 12–820.02(A)(7), we would have to disapprove *de la Cruz v. State*, 192 Ariz. 122, 961 P.2d 1070 (App.1998) (finding State not entitled to qualified immunity under § 12–820.02(A) because this statute not implicated), *Galati v. Lake Havasu City*, 186 Ariz. 131, 920 P.2d 11 (App.1996) (finding city not entitled to absolute immunity under § 12–820.01 because city's non-decision did not implicate this statute), and *Goss v. City of Globe*, 180 Ariz. 229, 883 P.2d 466 (App.1994) (same). We conclude otherwise.

¶ 18 In *de la Cruz*, the court examined the application of A.R.S. § 12–820.02(A)(6)[4] in relation to Arizona Division of Occupational Safety and Health statutes that did not require inspections of construction sites. *de la Cruz*, 192 Ariz. at 125, ¶ 13, 961 P.2d at 1073. The court determined that A.R.S. § 12–820.02(A)(6) was "not implicated" because there was no requirement to inspect. *Id.* Therefore, the State was not entitled to qualified immunity. *Id.* We do not find *de la Cruz* to be inconsistent with our holding in this case.

¶ 19 In *Galati* and *Goss*, the court focused on A.R.S. § 12–820.01[5] in relation to negli-

---

**4.** Section 12–820.02(A)(6) "grants immunity, except for intentional acts and gross negligence, when a public entity fails 'to discover violations of any provision of law *requiring* inspections of property other than property owned by the public entity in question.'" *de la Cruz*, 192 Ariz. at 125, ¶ 13, 961 P.2d at 1073 (quoting A.R.S. § 12–820.02(A)(6)).

**5.** A.R.S. § 12–820.01, entitled "Absolute immunity," provides that:

A. A public entity shall not be liable for acts and omissions of its employees constituting . . . :

. . . .

2. The exercise of an administrative function involving the determination of fundamental governmental policy.

B. The determination of a fundamental governmental policy involves the exercise of discretion and shall include, but is not limited to:

gent roadway design and maintenance claims and determined that absolute immunity did not apply because the municipalities did not affirmatively make discretionary decisions about the highways. *See Galati,* 186 Ariz. at 136, 920 P.2d at 16; *Goss,* 180 Ariz. at 232–33, 883 P.2d at 469–70. *Galati* and *Goss* do not stand for the broad proposition advanced by Plaintiff that there is no governmental immunity for claims of negligent highway design. *Galati,* 186 Ariz. at 131, 920 P.2d at 11; *Goss,* 180 Ariz. at 229, 883 P.2d at 466. Therefore, to hold as we do that A.R.S. § 12–820.02(A)(7) is a valid legislative act, we are not required to disagree with these decisions.

¶ 20 Plaintiff also asserts that if we determine A.R.S. § 12–820.02(A)(7) is a valid legislative act, we will essentially diminish or destroy the duty of reasonable care owed by governmental employees when designing and maintaining highways. We disagree. Section 12–820.02(A)(7) does not deny all injured drivers the right to sue the State for ordinary negligence. Instead, it denies ordinary negligence claims against the State to only those drivers who have been injured as a result of driving in violation of A.R.S. §§ 28–693, –1381, or –1382. This limited immunity statute does not relieve governmental employees of the duty to use reasonable care in designing and maintaining our highways.[6]

¶ 21 Finally, Plaintiff argues that A.R.S. § 12–820.02(A)(7) is unconstitutionally vague because it does not define the phrase "attributable to." If the legislature has not defined a word or phrase in a statute, we will consider the definitions of respected dictionaries. *Urias v. PCS Health Sys., Inc.,* 211 Ariz. 81, 85, ¶ 22, 118 P.3d 29, 33 (App.2005). *See also* A.R.S. § 1–213 (2002) ("Words and phrases shall be construed according to the common and approved use of the language."). "Attribute" means "to assign to a cause or source." WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 137 (1994). *See also* THE NEW OXFORD AMERICAN DICTIONARY 102 (2d ed.2005) (defining "attribute" or "attribute something to" as to "regard something as being caused by"). The language of § 12–820.02(A)(7) puts a driver on notice that § 12–820.02(A)(7) may apply when "the violation by the driver of § 28–693, 28–1381 or 28–1382" is *a cause or source* of an injury to the driver. Therefore, the statute is not unconstitutionally vague.

¶ 22 For these reasons, we find that the legislature did not exceed its authority when it adopted A.R.S. § 12–820.02(A)(7), and this statute is, therefore, not an unconstitutional grant of qualified immunity. The trial court did not commit reversible error by denying Plaintiff's cross-motion for summary judgment regarding the State's qualified immunity under A.R.S. § 12–820.02(A)(7) or by allowing the State to assert the defense.

### JURY INSTRUCTION REGARDING QUALIFIED IMMUNITY

¶ 23 Plaintiff also challenges the trial court's instruction to the jury regarding qualified immunity. "A jury instruction need not be a model instruction, as long as it does not mislead the jury when the instructions are read together and in light of each other." *Life Investors Ins. Co. v. Horizon Res. Bethany, Ltd.,* 182 Ariz. 529, 532, 898 P.2d 478, 481 (App.1995) (citation omitted). "An instruction will warrant reversal only if it was both harmful to the complaining party and directly contrary to the rule of law." *State Farm Fire & Cas. Ins. Co. v. Grabowski,* 214 Ariz. 188, 192, ¶ 13, 150 P.3d 275, 279 (App. 2007) (citation omitted). We will not overturn a judgment based on an improper jury instruction "unless there is substantial doubt regarding whether the jury was properly guided in its deliberations." *Id.* (citation omitted).

¶ 24 Here, the trial court gave the following instructions to the jury at the close of evidence:

> 1. A determination of whether to seek or whether to provide the resources necessary for any of the following:
> (a) The purchase of equipment.
> (b) The construction or maintenance of facilities.
> (c) The hiring of personnel.
> (d) The provision of governmental services.

> 2. A determination of whether and how to spend existing resources, including those allocated for equipment, facilities and personnel.

6. "[T]he State has a duty to keep its highways reasonably safe for travel." *Bach v. State,* 152 Ariz. 145, 147, 730 P.2d 854, 856 (App.1986) (citing *Beach v. City of Phoenix,* 136 Ariz. 601, 667 P.2d 1316 (1983)).

If you find that the death of Lee DeVries is attributable to, caused by or the result of his violation of A.R.S. § 28–1381 or § 28–1382, the State of Arizona is not liable to Plaintiff unless Plaintiff proves that its employees, agents or contractors intended to cause injury or were grossly negligent.

Gross negligence is defined as willful or wanton conduct, which is action or inaction with reckless indifference to the result or the rights or safety of others. A person is recklessly indifferent if he or she knows, or a reasonable person in his or her position ought to know:

(1) That his action or inaction creates an unreasonable risk of harm; *and*

(2) The risk is so great that it is highly probable that harm will result.[7]

¶ 25 Plaintiff asserts that the instruction was erroneous because it allowed the jury to decide the legal issue of whether the State had qualified immunity. But the trial court did not submit the legal issue of qualified immunity to the jury. The court had previously ruled as a matter of law that the State was entitled to raise the affirmative defense of qualified immunity and that the facts required to support the defense were to be decided by the jury. The jury instruction did not ask the jury to determine the legal issue whether the State could assert the defense, but rather instructed the jury that the State had immunity *if the jury found the statutorily required facts.* We discern no error here.

¶ 26 Plaintiff also claims the qualified immunity instruction erroneously permitted the jury to decide the factual issues related to immunity. Plaintiff's reliance on *Link v. Pima County*, 193 Ariz. 336, 972 P.2d 669 (App.1998), is misplaced. In *Link*, the trial court instructed the jury on the basis for absolute immunity, thereby allowing the jury to decide whether absolute immunity applied. *Id.* at 341–42, ¶¶ 17–20, 972 P.2d at 674–75. In reversing, the court held that if factual determinations were necessary to resolve the issue of immunity, the jury should determine the facts and then the court should resolve the immunity issue. *Id.* at ¶ 18 (citing *Chamberlain v. Mathis*, 151 Ariz. 551, 729 P.2d 905 (1986)). Here, the trial court determined that qualified immunity applied if the jury found that the factual prerequisites under A.R.S. § 12–820.02(A)(7) were established, thereby allowing the jury to determine only the disputed facts. This is consistent with *Link.*

¶ 27 We conclude, therefore, that the trial court properly decided the legal issue of qualified immunity and properly submitted the relevant factual determinations to be decided by the jury. We find no reversible error in the jury instructions regarding qualified immunity.

## CONCLUSION

¶ 28 We hold that A.R.S. § 12–820.02(A)(7) is a constitutional exercise of the legislature's authority, under Article IV, Part 2, Section 18, of the Arizona Constitution. Additionally, we find no error in the trial court's instructions to the jury to find the facts necessary to determine whether the State was entitled to qualified immunity. Accordingly, we affirm the trial court's judgment on the verdict in favor of the State.

CONCURRING: PATRICIA K. NORRIS, Presiding Judge and DONN KESSLER, Judge.

7. The trial court also instructed the jury regarding A.R.S. §§ 28–1381 and –1382:

A.R.S. § 28–1381 provides: It is unlawful for a person to drive or be in actual physical control of a vehicle in this state under any of the following circumstances:

1. While under the influence of alcohol if impaired to the slightest degree; *and/or*

2. If the person has an alcohol concentration of 0.08 or more within two hours of driving or being in actual physical control of the vehicle and the alcohol concentration results from alcohol consumed either before or while driving or being in actual physical control of the vehicle.

A.R.S. § 28–1382 provides: It is unlawful for a person to drive or be in actual physical control of a vehicle in this state if the person has an alcohol concentration of 0.15 or more within two hours of driving or being in actual physical control of the vehicle and the alcohol concentration results from alcohol consumed either before or while driving or being in actual physical control of the vehicle.