821 P.2d 287

**Larry BIRD and Suzanne Bird, husband and wife, Plaintiffs–Appellants,**

v.

**STATE of Arizona, through Attorney General Robert CORBIN, Defendant–Appellee.**

No. 1 CA–CV 90–322.

Court of Appeals of Arizona, Division 1, Department C.

Nov. 21, 1991.

Van Baalen Law Offices by Lowell W. Finson, Phoenix, for plaintiffs-appellants.

Grant Woods, Atty. Gen. by Judith E. Abramsohn and Lisa K. Daniel, Asst. Attys. Gen., Phoenix, for defendant-appellee.

OPINION

EUBANK, Judge.

Larry Bird and Suzanne Bird[1] (appellants) appeal from the trial court judgment dismissing their complaint against the State of Arizona (the State). The trial court granted the State's motion to dismiss on the ground that the State is absolutely immune under A.R.S. § 12–820.01 from appellants' claim because the claim relates to the licensing and regulation of structural pest control operators. We affirm the trial court's order dismissing appellants' complaint against the State.

I. FACTS AND PROCEDURE BELOW[2]

When appellants filed their complaint on January 11, 1990, they owned a home that was built by Gillanders & Stark Development Company. They had purchased their home approximately two to three years before the complaint was filed. According to the complaint, Gillanders & Stark hired Steven Weber of SOS Exterminating Compa-

---

1. Other parties were joined in the complaint as plaintiffs but they were not designated in the notice of appeal as parties taking an appeal from the final judgment. *See* Rule 8(c), Ariz. R.Civ.App.P. Thus, they are not before us.

2. The statement of facts in appellants' opening brief does not contain any references to the record, as is required by Rule 13(a)(4), Arizona Rules of Civil Appellate Procedure. Accordingly, we have disregarded appellants' statement of facts. *See Flood Control District of Maricopa County v. Conlin,* 148 Ariz. 66, 68, 712 P.2d 979, 981 (App.1985). We have relied on appellee's statement of facts and our review of the record for our recitation of the facts in this opinion.

ny[3] to apply termite prevention pretreatments to houses under construction. Although appellants alleged that core samplings showed that SOS did not adequately pretreat their houses, they did not allege that any of their homes suffered any termite damage.

In their claim against the State, appellants alleged that the State knew that SOS did substandard and improper pretreatments and had fined and/or censured SOS for such treatments, but, nevertheless, did not control the activities of SOS. Specifically, appellants contended that the State failed to (1) properly administer examinations given to persons who sought a license to engage in the structural pest control business; (2) disqualify Steven Weber, even though he failed the required examination and was the subject of repeated complaints of improper treatments; (3) carry out the spirit and intent of federal law regarding state regulation of the pesticide industry; (4) properly advise industry members of their responsibilities to the public; (5) act upon complaints verified by investigators of the State Structural Pest Control Commission; and (6) advise the construction industry and the public of improper pretreatment applications. They did not allege that they had filed a complaint with the Structural Pest Control Commission pursuant to A.R.S. § 32–2321.

The State moved for dismissal of the claim on four grounds. First, the State argued that appellants had not complied with A.R.S. § 12–821(A) because they had not filed their claim with the State within twelve months after their cause of action accrued. Although appellants had not pled when their cause of action accrued, the State believed that it was more than twelve months before October 2, 1989, the date on which appellants filed their claim. Second, the State contended that appellants did not have standing to maintain their action against the State because Arizona law does not give private parties the right to sue the State based on the regulation or licensing of professions or occupations. Third, the

State argued that pursuant to A.R.S. § 12–820.01 it was absolutely immune from liability for acts done in connection with the licensing and regulation of any profession or occupation. Fourth, the State asserted that the claim against it did not set forth any known cause of action that would entitle appellants to relief because there is no cause of action for gross inefficiency and because the complaint did not state a claim for fraud.

The trial court granted the motion to dismiss on the ground that the State was absolutely immune under A.R.S. § 12–820.01 because the allegations of the complaint related to the licensing and regulation of a profession or occupation. Appellants timely appealed the dismissal of their claim.

## II. DISCUSSION

On appeal, appellants argue that (1) their claim against the State was not untimely under A.R.S. § 12–821(A); (2) the State did not have absolute immunity pursuant to A.R.S. § 12–820.01, but at most had only the qualified immunity afforded by A.R.S. § 12–820.02; and (3) plaintiffs/appellants have standing to bring their cause of action. We first examine the issue of whether the State is absolutely immune from suit pursuant to A.R.S. § 12–820.01. If the State is immune, we must affirm the dismissal of the claim against the State and need not reach the other issues raised in the trial court and on appeal.

The State argues that A.R.S. § 12–820.01 renders it immune from the liability alleged in this action. Before the Arizona Legislature enacted this statute and other immunity statutes in 1984, the State's immunity was determined by common law. In *Ryan v. State*, 134 Ariz. 308, 656 P.2d 597 (1982), the Arizona Supreme Court reaffirmed the rule that government is subject to tort liability and immunity is the exception, citing *Stone v. Arizona Highway Commission*, 93 Ariz. 384, 392, 381 P.2d 107, 112 (1963). The *Ryan* court invited the legislature to intervene in developing the law concerning

---

**3.** Gillanders & Stark, Steven Weber and his wife, and SOS Exterminating were named in the complaint as defendants, but they are not parties to this appeal.

state liability for negligent acts. *Id.* at 310, 656 P.2d at 599. The legislature accepted this invitation and in 1984 enacted the Actions Against Public Entities or Public Employees Act, codified at A.R.S. §§ 12-820 to 12-823. For a discussion of the legislative history of this act, see *City of Tucson v. Fahringer*, 164 Ariz. 599, 600, 795 P.2d, 819, 820 (1990), and Note, *A Separation of Powers Analysis of the Absolute Immunity of Public Entities*, 28 Ariz.L.Rev. 49, 50 (1986).

Section 12-820.01, entitled "Absolute immunity," provides in relevant part:

A. A public entity shall not be liable for acts and omissions of its employees constituting:

1. The exercise of a judicial or legislative function; or

2. The exercise of an administrative function involving the determination of fundamental governmental policy.

B. The determination of a fundamental governmental policy involves the exercise of discretion and shall include, but is not limited to:

. . . . .

3. The licensing and regulation of any profession or occupation.

A.R.S. § 12-820 lists the definitions that are relevant to § 12-820.01 as follows:

1. "Employee" includes an officer, employee or servant, whether or not compensated or part time, who is authorized to perform any act or service, except that employee does not include an independent contractor. Employee includes noncompensated members of advisory boards appointed as provided by law.

. . . . .

6. "Public entity" includes this state and any political subdivision of this state.

A.R.S. § 12-820 (Supp.1990).

Based on these statutes, the State argues that it is absolutely immune from liability for the acts of the Structural Pest Control Commission (the Commission) because in licensing structural pest control operators, the Commission licenses an occupation within the meaning of A.R.S. § 12-820.01(B)(3). Consequently, the State contends that the trial court properly granted its motion to dismiss.

Appellants respond that A.R.S. § 12-820.01 gives absolute immunity only to discretionary functions. They assert that the Commission's issuance of licenses was nondiscretionary and that if any immunity applies in this case, it is only the qualified immunity of § 12-820.02. Section 12-820.-02, entitled "Qualified immunity," provides in relevant part:

Unless a public employee acting within the scope of his employment intended to cause injury or was grossly negligent, neither a public entity nor a public employee is liable for:

. . . . .

5. The issuance of or failure to revoke or suspend any permit, license, certificate, approval, order or similar authorization for which absolute immunity is not provided pursuant to § 12-820.01.

In reading § 12-820.01 with § 12-820.02, appellants conclude that the Arizona Legislature has set up two categories of immunities pertaining to licensing: (1) absolute immunity, which is available for discretionary acts, and (2) qualified immunity, which is available for nondiscretionary acts. Thus, they contend that some licensing functions are discretionary, while others are nondiscretionary. They also contend that the licensing of structural pest control operators is nondiscretionary because A.R.S. § 32-2314(C)(1) specifies that to be licensed an applicant must score at least seventy percent on the licensing examination. The State's response to these arguments is that the distinction between absolute immunity and qualified immunity lies in the activity being regulated: absolute immunity applies to the licensing and regulation of professions and occupations, while qualified immunity applies to the licensing and regulation of activities other than professions and occupations.

To bolster their argument, appellants cite Attorney General Opinion I84-123, which states that "[t]he determination of whether the actions of [the Medical Advisory] Board

and its members are subject to the absolute immunity granted by A.R.S. § 12–820.01 or the qualified immunity granted by A.R.S. § 12–820.02 depends upon the specific fact situations giving rise to potential liability." The opinion also states:

> [Medical Advisory] Board decisions regarding the standards for issuance or revocation of licenses would also be protected at a *minimum* by a qualified immunity pursuant to A.R.S. § 12–820.-02(5). Moreover, insofar as those decisions may be considered part of quasi[-] legislative function, the board could be protected by the absolute immunity afforded by A.R.S. § 12–820.01.

From this opinion, appellants conclude that the issuance of licenses may be subject to either A.R.S. § 12–820.01 or A.R.S. § 12–820.02, depending on the circumstances.

■ In statutory interpretation, the court must attempt "to ascertain and give effect to the intent of the lawmaking body." *Sandblom v. Corbin,* 125 Ariz. 178, 182, 608 P.2d 317, 321 (App.1980). The most reliable indication of legislative intent is the language of the statute itself. *State ex rel. Corbin v. Pickrell,* 136 Ariz. 589, 594, 667 P.2d 1304, 1309 (1983). To determine legislative intent, the words of the statute should be given their ordinary meanings. *State v. Miller,* 100 Ariz. 288, 296, 413 P.2d 757, 763 (1966).

■ In interpreting A.R.S. §§ 12–820.01 and 12–820.02, we look primarily to § 12–820.01(B)(3), which provides that "[t]he determination of a fundamental governmental policy involves the exercise of discretion and *shall* include, but is not limited to ... [t]he licensing and regulation of any profession or occupation." (emphasis added). The plain language of § 12–820.01(B)(3) indicates that the legislature intended that the licensing and regulation of any profession or occupation is by definition a determination of fundamental governmental policy that involves the exercise of discretion.

The use of the word "shall" reveals that the legislature did not intend for courts to make factual determinations as to whether the listed functions are discretionary. *Cf. Insurance Company of North America v. Superior Court of Santa Cruz County,* 166 Ariz. 82, 85, 800 P.2d 585, 588 (1990) ("The use of the word 'shall' indicates a mandatory intent by the legislature."). As a matter of law, the licensing and regulation of any profession or occupation, as well as the other policy roles listed under subsection B, are discretionary and are covered by absolute immunity.

The Arizona statutory scheme contrasts with the Federal Tort Claims Act and governmental tort liability statutes of other states that provide immunity for actions arising from the government's exercise of a "discretionary function or duty" without further definition of "discretionary function or duty" within the statute.[4] *See Payton v. United States,* 679 F.2d 475, 479 (5th Cir.1982); *State v. Abbott,* 498 P.2d 712, 717 (Alaska 1972); *Johnson v. State,* 69 Cal.2d 782, 787–88, 447 P.2d 352, 356, 73 Cal.Rptr. 240, 244 (1968); *Carroll v. State,* 27 Utah 2d 384, 387, 496 P.2d 888, 890 (1972). In jurisdictions with this type of statute, the courts must determine which functions are discretionary. In Arizona, however, the legislature specified certain functions as discretionary, so that, at least for those functions, courts would not have to determine whether discretion was involved. The licensing and regulation of any profession or occupation is one such function that the legislature has designated as involving the exercise of discretion.

At first glance the fact that A.R.S. § 12–820.02, the qualified immunity statute, mentions the issuance of a license may seem to contradict our interpretation of § 12–820.01. The plain language of the statute, however, reveals no inconsistency. Qualified immunity is available for the is-

---

4. For example, the Federal Tort Claims Act, 28 U.S.C. § 2680(a), provides that 28 U.S.C. § 1346(b), which allows civil actions against the United States, does not apply to

> [a]ny claim based upon an act or omission of an employee of the Government, exercising

due care, ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

suance of licenses "for which absolute immunity is not provided pursuant to § 12–820.01." The State issues licenses for more than just occupations and professions. For example, the State issues drivers' licenses (A.R.S. § 28–411), licenses to conduct bingo games (A.R.S. § 5–402), and transaction privilege tax licenses (A.R.S. § 42–1305). None of these constitute the licensing of a profession or occupation. In fact, the licenses referred to in Attorney General Opinion I84–123, the opinion cited by appellants, are drivers' licenses. The Medical Advisory Board advises the Department of Transportation on medical criteria and vision standards for licensing drivers, see A.R.S. § 28–433, and Attorney General Opinion I84–123 concerns immunity for Medical Advisory Board decisions on standards for the issuance or revocation of drivers' licenses. Thus, Attorney General Opinion I84–123 does not conflict with our interpretation of § 12–820.01 and § 12–820.02 because the opinion deals with a board that has input into the granting of drivers' licenses. It does not deal with occupational or professional licenses.

■ Clearly, in licensing structural pest control operators, the State, through the Commission, licenses a profession or occupation. Title 32 of the Arizona Revised Statutes provides for state licensing and regulation of professions and occupations. Chapter 22 of Title 32 provides for the establishment of the Structural Pest Control Commission. See A.R.S. §§ 32–2302 to 32–2304. It further describes the procedure by which the Commission certifies and licenses individuals to lawfully apply pesticides and to engage in the business of structural pest control. See A.R.S. §§ 32–2311 to 32–2319. Thus, the Commission is covered by the absolute immunity granted to a public entity when it licenses or regulates any profession or occupation. See Restatement (Second) of Torts § 895B (1979).

As noted in footnote 2 above, attorney for the appellant, Lowell W. Finson, has failed to comply with Rule 13(a)(4) of the Arizona Rules of Civil Appellate Procedure. Counsel runs the risk that in the future

appeals will be dismissed and/or that costs, attorney's fees, or sanctions will be assessed against him personally. See Jhagroo v. City of Phoenix Municipal Court, 143 Ariz. 595, 598, 694 P.2d 1209, 1212 (App.1984); Adams v. Valley National Bank, 139 Ariz. 340, 342, 678 P.2d 525, 527 (App.1984); Rule 25, Ariz.R.Civ.App.P. His future compliance with our rules is encouraged.

In summary, A.R.S. § 12–820.02 specifically exempts from its operation the issuance of licenses for which absolute immunity is provided by § 12–820.01. The licensing and regulation of any profession or occupation falls within the grant of absolute immunity, not qualified immunity. Accordingly, the trial court correctly granted the motion to dismiss based on the absolute immunity of the State in licensing and regulating structural pest control operators. Thus, we affirm the trial court's order of dismissal.

GRANT, P.J., and KLEINSCHMIDT, J., concur.