920 P.2d 41

Michael D. and Anna Marie SCHABEL, as individuals, the marital community composed thereof, and on behalf of Zachary Schabel, a minor child who is their son; Zachary Schabel, individually and/or as a minor child by and through his parents Michael D. and Anna Marie Schabel, Plaintiffs–Appellants,

v.

DEER VALLEY UNIFIED SCHOOL DISTRICT NO. 97, a public entity; Mirage Elementary School, a public entity, Defendants–Appellees.

No. 1 CA–CV 94–0274.

Court of Appeals of Arizona, Division 1, Department B.

July 9, 1996.

Smith and Feola, P.C. by Steven Feola and Richard A. Alcorn, Phoenix, for Appellants.

Teilborg, Sanders & Parks, P.C. by Garrick L. Gallagher and Melinda K. Cekander, Phoenix, for Appellees.

THOMPSON, Judge.

In this appeal, we consider whether a school district is immune from tort liability for injuries suffered by a student who was injured in a fall from a school playground swing set. The trial court ruled that the district had absolute immunity because its failure to install cushioning material under the swing set constituted a discretionary decision concerning allocation of resources. We conclude that statutory immunity does not protect the district in this instance because it does not have the discretion to breach its duty to refrain from subjecting district students to unreasonable risks of harm.

## FACTS [1] AND PROCEDURAL HISTORY

■ Appellant Zachary Schabel was a student at Appellee Mirage Elementary School

---

1. Because this appeal is from a motion to dismiss, we consider the facts alleged in the com-

(the school) in the Deer Valley Unified School District No. 97 (the district). In May 1991, he fell from a swing set located on the playground of the school. In the fall, Zachary suffered a closed, displaced fracture of his left arm and elbow. He has undergone several surgical procedures to repair the injuries.

In May 1993, Zachary's parents, Appellants Michael and Anna Schabel, sued the school and the district for themselves and on behalf of Zachary.[2] They alleged that the defendants created an unreasonable and foreseeable risk of harm to Zachary by (1) failing to create or maintain the school playground in a reasonably safe condition; (2) failing to install, provide, utilize, and maintain reasonably safe and appropriate playground surfacing materials; (3) failing to adequately supervise students on the school playground; (4) failing to properly and appropriately manage and control the school property; and (5) failing to acquire, provide, install, or utilize reasonably safe and appropriate playground equipment.

The district moved to dismiss the complaint on the ground that it was immune from suit under Ariz.Rev.Stat. Ann. (A.R.S.) § 12–820.01. It argued that statutory absolute immunity applied to its decision not to allocate resources to place cushioning material beneath the swing set because the decision constituted an allocation of existing resources and a determination whether to seek or provide resources for the purchase of equipment or the construction or maintenance of facilities. The district further argued that its alleged failure to provide adequate supervision of the playground involved providing extra personnel which also was a discretionary decision for which the district was absolutely immune from suit.

In response, the Schabels argued that the immunity did not apply to the provision of safe surfacing materials under the swing set because, once the district exercised its discretion to provide playground equipment for

use by students, it was obliged to do so without creating any unreasonable risk of harm to the student users of the playground. The Schabels also contended that the analysis and result suggested by the district would contravene article 18, § 6 of the Arizona Constitution, because it would abrogate the right to an action to recover damages for negligence.

The trial court granted the motion to dismiss. It ruled that the decisions whether to place absorptive material beneath the swings and whether to provide extra personnel for supervision were discretionary decisions for which the district had absolute immunity. Judgment was entered in favor of the district, dismissing the complaint against it. The Schabels timely appealed from the judgment. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (1994).

## DISCUSSION

■ Because this appeal concerns the interpretation of an Arizona statute, we are not bound by the trial court's conclusions of law. *Evenstad v. State*, 178 Ariz. 578, 581, 875 P.2d 811, 814 (App.1993). Accordingly, we conduct *de novo* review of the statute and its application. *Id.*

The statute at issue, A.R.S. § 12–820.01 (1992), provides for absolute immunity in relevant part:

A. A public entity shall not be liable for acts and omissions of its employees constituting:

\* \* \* \* \* \*

2. The exercise of an administrative function involving the determination of fundamental governmental policy.

B. The determination of a fundamental governmental policy involves the exercise of discretion and shall include, but is not limited to:

1. A determination of whether to seek or whether to provide the resources necessary for:

---

plaint to be true and view them in a light most favorable to the plaintiff in determining whether the complaint states a valid claim for relief. *Mack v. McDonnell Douglas Helicopter Co.*, 179 Ariz. 627, 628, 880 P.2d 1173, 1174 (App.1994).

2. The Schabels also named three district and school administrators as defendants, but those defendants were dismissed by stipulation.

(a) The purchase of equipment,

(b) The construction or maintenance of facilities,

(c) The hiring of personnel, or

(d) The provision of governmental services.

2. A determination of whether and how to spend existing resources, including those allocated for equipment, facilities and personnel.

On appeal, the Schabels argue that the district is not immune from liability under A.R.S. § 12–820.01 for its acts and omissions in creating and maintaining a condition that exposed students in the district to a foreseeable and unreasonable risk of harm. They again contend that, once the district exercised its discretion to provide playground equipment at its school, it had a common law duty to ensure that the facility did not pose a hazard or unreasonable risk of harm to student users of the playground. The Schabels additionally assert that § 12–820.01 is unconstitutional under the non-abrogation clause of the Arizona Constitution, article 18, § 6, because it is contrary to the common law duty requiring that the district not subject students to foreseeable and unreasonable risks of harm.

The district responds that under § 12–820.01 it is absolutely immune from suit for acts that involve allocations of existing resources or determinations whether to seek or provide resources for the purchase of equipment or the construction or maintenance of facilities. Thus, it argues that the determination whether to seek or provide the resources necessary for the purchase of absorptive surfacing material or for the removal of the swing set falls within the statutory definition of fundamental governmental policy because it is a discretionary decision made by the school district administration that involves allocation of resources.

In considering these arguments, we first look to the purpose and intent behind § 12–820.01. In adopting the Actions Against Public Entities or Public Employees Act, which includes A.R.S. § 12–820.01, the legislature spelled out its purpose and intent in its "Historical and Statutory Notes":

The legislature recognizes the inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity. On the other hand, the legislature recognizes that, while a private entrepreneur may readily be held liable for negligence within the chosen scope of his activity, the area within which government has the power to act for the public good is almost without limit and therefore government should not have the duty to do everything that might be done. Consequently, it is hereby declared to be the public policy of this state that public entities are liable for acts and omissions of employees in accordance with the statutes and common law of this state. All of the provisions of this act should be construed with a view to carry out the above legislative purpose.

1984 Ariz. Sess. Laws, Ch. 285, § 1.

■ This pronouncement from the legislature is consistent with the Arizona Supreme Court's prior ruling in *Stone v. Arizona Highway Comm'n,* 93 Ariz. 384, 392, 381 P.2d 107, 112 (1963), that, even for governmental entities, "where negligence is the proximate cause of injury, the rule is liability and immunity is the exception." *See City of Tucson v. Fahringer,* 164 Ariz. 599, 600 n. 4, 795 P.2d 819, 820 n. 4 (1990) (in Act's prefatory statement, legislature reaffirmed common law notion that governmental immunity is the exception and liability the rule). Thus, both our legislature and supreme court have declared that in Arizona the right to sue the state is not a statutory grant as it is in some states; "rather, it is a common law rule in Arizona that the government is liable for its tortious conduct and immunity is the exception." *Pritchard v. State,* 163 Ariz. 427, 431, 788 P.2d 1178, 1182 (1990).

In light of this well-established rule, we must view § 12–820.01 "as carving out a narrow exception to the general rule that the common law applies." *Goss v. City of Globe,* 180 Ariz. 229, 232, 883 P.2d 466, 469 (App. 1994). Accordingly, we examine the application of this statute to the Schabels' claims and the district's acts with a view to finding immunity only if it clearly applies.

We first examine the effect of the holding in *Goss* on this case. Goss was seriously injured when he fell off a low wall into a drainage ditch. The plaintiffs alleged that the city was negligent in failing to construct sidewalks or a guardrail to separate the drainage ditch from the roadway. *Goss,* 180 Ariz. at 230, 883 P.2d at 467. The city asserted that whether to allocate funds for the construction of sidewalks or a guardrail was a discretionary decision involving fundamental governmental policy for which it had absolute immunity under § 12–820.01. *Id.* at 231, 883 P.2d at 468. The *Goss* court, however, noted that the city had not made an actual decision regarding such construction, and held that § 12–820.01 does not "immunize a public entity from such non-decisions but only from actual decisions and the affirmative exercise of discretion with respect to fundamental governmental policy." *Id.* Accordingly, the *Goss* court held that the city was not immune from liability for Goss's injuries, and that the common law applied to claims that the failure to construct sidewalks or guardrails violated the city's duty to maintain public highways, roads, and streets in a reasonably safe condition. *Id.* at 232–33, 883 P.2d at 469–70. *See Galati v. Lake Havasu City,* 186 Ariz. 131, 920 P.2d 11 (App.1996).

■ · In the case before us, the record does not reveal any indication that the district ever made an actual decision not to place absorptive material under the swing set. The *Goss* holding would compel us to reject the district's assertion that it made an immunized decision by default when it decided to install playground equipment but did not provide for absorptive material underneath it. *Goss,* 180 Ariz. at 231, 883 P.2d at 468. However, we do not rely only upon *Goss.* We proceed to examine whether a district decision that no padding would be provided under a school playground swing set is entitled to immunity under § 12–820.01.

Under § 12–820.01(A)(2), a public entity is not liable for acts and omissions constituting the exercise of an administrative function involving the determination of fundamental governmental policy. Section 12–820.01(B) explains that "[t]he determination of a funda-

mental governmental policy involves the exercise of discretion" and includes certain enumerated types of decisions. The district, citing *Bird v. State,* 170 Ariz. 20, 821 P.2d 287 (App.1991), argues that it is immune in this case because the Schabels' claims concern district decisions (whether to seek or provide resources for the purchase of equipment or the construction or maintenance of facilities; whether and how to spend existing resources including allocations for equipment, facilities, and personnel) which are enumerated as determinations of fundamental public policy under § 12–820.01.

In *Bird,* this court noted that the legislature in subsection (B) specified certain functions as discretionary so that, for those functions, courts would not have to determine whether discretion was involved. *Id.* at 23, 821 P.2d at 290. The *Bird* court held that because the licensing and regulation of any profession or occupation is a function that the legislature designated [in § 12–820.01(B)(3) ] as a determination of fundamental public policy that involves the exercise of discretion, the state had absolute immunity for the licensing and regulation of structural pest control operators. *Id.* at 24, 821 P.2d at 291.

That the state is immune with regard to its conduct in the licensing and regulation of a profession or occupation is clear from the statute. However, legislative intent to extend absolute immunity to all governmental decisions concerning whether to seek or provide resources or whether and how to spend existing resources is not apparent. Obviously, public administrative bodies make many decisions concerning allocation and expenditure of funds that could not be categorized as decisions involving the determination of fundamental governmental policy. Therefore, although § 12–820.01(B) specifies certain types of decisions concerning the discretionary allocation of resources as included within the rubric "determination of a fundamental governmental policy," we do not believe the statutory enumeration answers the question posed by the claim of immunity in this case.

■ Were every governmental decision to allocate or expend funds protected by absolute immunity, immunity would be the rule and liability the exception. Such a state

of affairs would contradict express legislative intent and our common law. We discern that the immunity afforded to the kinds of decisions listed in subsection (B)(1) and (2) extends to determinations at a policy-making level rather than an operational level. By way of illustration, a decision by the district board to construct a playground at a school and allocate funds for that purpose would be a policy decision protected by immunity. Deciding what specific pieces of equipment to have on the playground would not be a policy decision, but rather would be an operational level decision. *See, e.g., Warrington v. Tempe Elementary Sch. Dist.,* 217 Ariz. Adv. Rep. 36, —— Ariz. ——, 928 P.2d 673, 1996 WL 278241 (App. May 28, 1996) (school district's decision regarding placement of bus stop is an operational level decision); *Evenstad,* 178 Ariz. at 582–84, 875 P.2d at 815–17 (App.1993) (issuance of driver's license by MVD is an operational level decision; prescribing rules for issuance is making of policy); *Rogers v. State,* 51 Haw. 293, 296–98, 459 P.2d 378, 381 (1969) (operational level acts concern routine, everyday matters, not requiring evaluation of broad policy factors; operational acts include kinds of road signs to place and which center line stripes to repaint); *Stevenson v. State Dept. of Transp.,* 290 Or. 3, 9–12, 619 P.2d 247, 251–52 (1980) (decision to build a highway rather than a railroad track is exercise of governmental discretion or policy judgment entitled to immunity; planning and design of the road does not involve use of discretion in the sense that a policy decision is required). Notwithstanding that statutory immunity protected the decision to install a playground, the decisions as to what equipment and safety measures to install would not enjoy immunity from legal action. *See American Exch. Bank of Madison, Wis. v. United States,* 257 F.2d 938 (7th Cir.1958) (discretionary to establish a post office at a particular location, but not discretionary to negligently fail to install handrails; therefore, U.S. government not immune from tort action concerning fall on steps that lacked handrail).

■ Once the district made a decision to have a playground at the school, it was obliged to implement its decision in a manner consistent with the duty of care owed to district pupils. In Arizona, it is well-established that school districts have a legal duty to the students enrolled in their schools. *See Delbridge v. Maricopa County Community College Dist.,* 182 Ariz. 55, 58, 893 P.2d 55, 58 (App.1994); *Rogers v. Retrum,* 170 Ariz. 399, 401, 825 P.2d 20, 22 (App.1991). This duty imposes the obligation to avoid acts, omissions, or school policies that would subject students to foreseeable and unreasonable risks of harm. *Rogers,* 170 Ariz. at 401, 825 P.2d at 22. *Accord Jesik v. Maricopa County Community College Dist.,* 125 Ariz. 543, 546, 611 P.2d 547, 550 (1980) (public school district is liable for negligence if it fails to exercise ordinary care under the circumstances); *Chavez v. Tolleson Elementary Sch. Dist.,* 122 Ariz. 472, 476, 595 P.2d 1017, 1021 (App.1979) (school district owes duty of ordinary care toward student while student is under its charge). Furthermore, schools have a duty to make their premises reasonably safe for the use of their students. *Vreeland v. State Bd. of Regents,* 9 Ariz.App. 61, 62, 449 P.2d 78, 79 (1969).

Under the common law, the district has a duty to make its premises safe for its students and to avoid any acts, omissions, or policies that would subject its students to unreasonable risks of harm. Thus, once it decided to establish a playground at the school, it did not have the discretion to install and maintain the playground in a condition that would pose a safety hazard to its students even if the provision of a safety measure, such as cushioning material under the swing set, might have involved the allocation of funds. If the district chooses to construct and maintain a playground containing a hazardous condition, it is not immune from liability if a student is injured due to the condition.

■ The district observes that in the historical and statutory notes to § 12–820.01, the legislature stated that the "government should not have the duty to do everything that might be done." It believes that what the Schabels are claiming is that the district has the duty to do everything that might be done to prevent a student from injuring himself when he falls or jumps off a swing, and it

argues that this claim is contrary to the legislative intent. We do not think that the district correctly characterizes the Schabels' claim. The Schabels assert that the district was negligent in failing to provide some sort of absorptive material beneath the swing set. Among its defenses, the district would have the opportunity to prove to the jury that it had been reasonable in its installation and operation of playground equipment. It would not have to prove that it had done everything that could have been done to prevent injury to students using the swings.

■ The district contends, regarding the Schabels' claim for negligent supervision that, although such a claim appears in the complaint, the Schabels did not brief this issue in the trial court and did not raise it in their opening brief and thus have abandoned the claim. The Schabels respond that the claim was raised in their complaint, in their response in opposition to the motion to dismiss, and in their opening brief. They assert that they have not abandoned or waived their negligent supervision claim.

As the Schabels point out, they pled negligent supervision in their complaint. However, in their response to the motion to dismiss and in their opening brief, they raise negligent supervision only in a listing of their claims against the district. Neither in the trial court nor on appeal do they make any argument as to why their claim for negligent supervision should not have been dismissed pursuant to § 12–820.01.

■ The issue whether the district is immune from liability for alleged negligent supervision in these circumstances raises questions that are different than those raised in considering whether the district has immunity from liability for injury allegedly caused by a condition on its premises. The Schabels have made no arguments either below or on appeal concerning immunity for negligent supervision. Issues not clearly raised and argued in a party's appellate brief are waived. *Carrillo v. State,* 169 Ariz. 126, 132, 817 P.2d 493, 499 (App.1991); *Jones v. Burk,* 164 Ariz. 595, 597, 795 P.2d 238, 240 (App.1990). By failing to raise the issue of negligent supervision on appeal, the Schabels have waived it. Therefore, we do not consider this issue, and we affirm the trial court's dismissal of the negligent supervision claim.

The Schabels raise an alternative argument that A.R.S. § 12–820.01 as interpreted and applied by the trial court is unconstitutional because it contravenes the non-abrogation provision of the Arizona Constitution. In light of our holding that § 12–820.01 does not provide immunity to the district from the Schabels' action, we need not reach this constitutional issue.

### CONCLUSION

In summary, we reverse the trial court's dismissal of the Schabels' claims concerning the condition of the school playground premises and remand these claims for further proceedings. We affirm the dismissal of the Schabels' claim for negligent supervision.

EHRLICH and KLEINSCHMIDT, JJ., *concur.*