ALLIEDSIGNAL, INC., a Delaware corporation, Plaintiff–Appellant,

v.

CITY OF PHOENIX, Defendant–Appellee.

No. 98–15901.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1999.

Decided June 28, 1999.

Thomas L. Hudson and David B. Rosenbaum, Osborn Maledon, Phoenix, Arizona, for the plaintiff-appellant.

Peter S. Modlin, Landels Ripley & Diamond, San Francisco, California; Phillip M. Haggerty, Chief Assistant City Attorney, Phoenix, Arizona, for the defendant-appellee.

Before: FERGUSON and THOMAS, Circuit Judges, and KING, District Judge.[1]

## I. OVERVIEW

KING, District Judge:

AlliedSignal, Inc. ("AlliedSignal") appeals from the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of its action seeking money damages and equitable relief against the City of Phoenix ("City") for damage to AlliedSignal's water sprinkler systems ("systems"). AlliedSignal contends that the district court erred by (1) concluding that the City was entitled to absolute immunity against its claims for money damages, and (2) concluding that mandamus relief was unavailable in light of the City's discretion in implementing its water disinfection policy. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part and affirm in part.

## II. BACKGROUND

AlliedSignal, a Delaware corporation, owns various parcels of real property within the City of Phoenix, each containing a fire protection sprinkler system. AlliedSignal gets the water necessary to operate its systems from the City's public

---

1. The Honorable Garr M. King, United States District Judge for the District of Oregon, sitting by designation.

water supply system. Because the water comes from the same distribution system used for providing drinking water to the City's residents, the water is treated by the City pursuant to its water disinfection policy to make it potable. In 1995, Allied-Signal discovered that the pipes in its systems were corroding at an unusually rapid rate. AlliedSignal determined that corrosion-inducing bacteria ("CIB") in the water supplied by the City was causing the corrosion.

AlliedSignal filed an administrative claim against the City. The City refused to accept the claim and AlliedSignal brought this diversity action alleging that the water provided by the City contains excessive amounts of bacteria. AlliedSignal asserted claims for negligence, breach of the implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, strict liability for defective product, and failure to warn. In its complaint, AlliedSignal sought damages for the cost of replacing the corroded pipes and a permanent injunction and/or a writ of mandamus requiring the City to take all necessary measures to ensure that the water it provides is free of CIB.

The City filed a motion to dismiss pursuant to Rule 12(b)(6), contending that AlliedSignal's claims were barred by Arizona's Actions Against Public Entities or Public Employees Act ("Immunity Act"), Ariz.Rev.Stat. § 12–820 et seq. The district court granted the motion, concluding that the City was absolutely immune under the Immunity Act from AlliedSignal's challenge to the City's formulation of a water disinfection policy. The district court also rejected AlliedSignal's request for a writ of mandamus requiring the City to pre-treat its water so that it is free of CIB, concluding that "mandamus may not be used to instruct a public official how to exercise discretion." This appeal followed.

## III. ANALYSIS

### A.

■ It is well-settled law in Arizona that governmental immunity is the excep-

tion and liability is the rule. *See City of Tucson v. Fahringer*, 164 Ariz. 599, 795 P.2d 819, 820 (1990). Under § 12–820.01 of the Immunity Act, "public entities are protected by absolute immunity when the process involves legislative or judicial decision making within the respective powers granted to the legislature or judiciary, but entities are entitled to immunity for administrative action only to the extent such action involves the determination of fundamental governmental policy." *Fidelity Sec. Life Ins. Co. v. Arizona Dep't of Ins.*, 191 Ariz. 222, 954 P.2d 580, 583 (1998).

It is undisputed that the City's delivery of water is an administrative action and thus will only give rise to immunity to the extent that it involves the determination of fundamental governmental policy. In granting the City's Rule 12(b)(6) motion, the district court concluded that AlliedSignal's complaint challenged the City's formulation of its water disinfection policy that the court found to be "the quintessential exercise of governmental discretion in an area of fundamental government policy." *See Galati v. Lake Havasu City*, 186 Ariz. 131, 920 P.2d 11, 15 (App.1996) (absolute immunity applies to discretionary governmental actions involving fundamental governmental policy). AlliedSignal contends that dismissal of its complaint at the pleading state was inappropriate because the district court misread the complaint as challenging the City's formulation of its water disinfection policy. As AlliedSignal points out, the complaint doesn't mention the water disinfection policy. Rather, it merely states that the City was negligent in delivering contaminated water to its facilities. The complaint offers no theories as to how this water became contaminated. The question thus becomes whether the district court's dismissal of AlliedSignal's complaint based on its conclusion that the City was entitled to immunity from AlliedSignal's negligence claim seeking money damages was appropriate under Rule 12(b)(6).

A dismissal for failure to state a claim pursuant to Rule 12(b)(6) is reviewed de novo. *See Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998). When reviewing a dismissal for failure to state a claim pursuant to Rule 12(b)(6) all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *See Jensen v. City of Oxnard,* 145 F.3d 1078, 1082 (9th Cir.1998), *cert. denied,* ⸺ U.S. ⸺, 119 S.Ct. 540, 142 L.Ed.2d 449 (1998). A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief. *See Steckman,* 143 F.3d at 1295.

As previously stated, not all administrative decisions made by a public entity in Arizona are entitled to immunity. To be entitled to immunity for its administrative actions, a public entity must demonstrate that the action involves the determination of a fundamental governmental policy. *See Warrington v. Tempe Elementary Sch. Dist. No. 3,* 187 Ariz. 249, 928 P.2d 673, 676 (App.1996). The burden of showing that its administrative action falls within this narrow category of fundamental governmental policy making rests with the public entity. *See Fidelity,* 954 P.2d at 583.

In *Fidelity,* the Arizona Supreme Court reversed the court of appeals' affirmance, in a consolidated appeal, of the Maricopa County Superior Court's dismissal of three separate complaints under Arizona Rule of Civil Procedure 12(b)(6).[2] *See id.* at 581–82. In each case, the plaintiffs' complaints alleged that the defendant public entities were negligent in carrying out their administrative duties. The trial courts concluded that dismissal at the pleading stage was appropriate because the defendant public entities were entitled to absolute immunity under the Immunity Act for their discretionary actions involving fundamental governmental policy. *See id.* at 582. In reversing, the Arizona Supreme Court held that the trial courts acted prematurely by granting Rule 12(b)(6) motions in the "face of the allegations in these complaints." *Id.* at 583. The Court held that "[o]n the face of the pleadings" it was not apparent that the public entities were acting in an area of fundamental governmental policy. *Id.* at 584. Thus, because the public entity has the burden of "plead[ing] and prov[ing]" that their actions fall within the "narrow category of fundamental governmental policy making," and the four corners of the plaintiffs' complaints did not evince such action, the trial courts erred by granting defendants' motions to dismiss. *Id.* at 583–84.

The district court in the case before us made a similar error. Fairly read, the four corners of AlliedSignal's complaint alleges that it purchased water from the City and the water contained excessive amounts of bacteria that damaged its systems. Nowhere in the complaint does AlliedSignal allege that the City's formulation of its water disinfection policy was the cause of the excessive bacteria in the water. As AlliedSignal points out, there are numerous potential explanations for the presence of excessive bacteria in the water; only one (the City's formulation of its water disinfection policy) that would arguably entitle the City to immunity from AlliedSignal's claim for money damages. For example, a mistake made by a City employee charged with the ministerial task of implementing the water disinfection policy may have caused the heightened level of bacteria and the resultant harm to AlliedSignal's systems. Under Arizona law, the City most likely would not be entitled to immunity under the Immunity Act for this hypothetical act of negligence. *See Evenstad v. State,* 178 Ariz. 578, 875 P.2d 811, 816–17 (App.1993) (distinguishing be-

---

**2.** Arizona Rule of Civil Procedure 12(b)(6) is identical to Federal Rule of Civil Procedure 12(b)(6).

tween discretionary governmental actions involving fundamental governmental policy, to which immunity applies, and ministerial actions implementing that policy, to which immunity does not apply); *Ryan v. State*, 134 Ariz. 308, 656 P.2d 597, 598 (1982) ("[W]here negligence is the proximate cause of injury, the rule is liability and immunity is the exception.") (quoting *Stone v. Arizona Highway Comm'n*, 93 Ariz. 384, 381 P.2d 107, 112 (1963)); *Diaz v. Magma Copper Co.*, 190 Ariz. 544, 950 P.2d 1165, 1175 (App.1997) (state inspector's negligent implementation of governmental policy not entitled to absolute immunity); *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 920 P.2d 41, 46 (App.1996) (policy level decision to install a playground is entitled to immunity but negligent implementation of that policy is not); *Warrington*, 928 P.2d at 676 (school district's placement of bus stop is operational decision not entitled to absolute immunity under the Immunity Act).

■ We do not, of course, mean to imply that the City or one of its employees was guilty of this or any other negligent act in implementing its water disinfection policy. Our intent is merely to illustrate that, on its face, AlliedSignal's complaint suggests the existence of negligence by the City in delivering the tainted water and, given the narrow scope of governmental immunity in Arizona, if AlliedSignal can produce evidence showing such negligence it may be able to prevail on its claims.[3] *See Steckman*, 143 F.3d at 1295 (a claim should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that a plaintiff can prove no set of facts in support of its claim that would entitle it to relief). Here, examining the face of AlliedSignal's complaint, we cannot say that

it is "beyond doubt" that AlliedSignal will be unable to prove the facts necessary to entitle it to relief.

■ Moreover, Federal Rule of Civil Procedure 8(a)(2) requires only notice pleading-"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). AlliedSignal contends that the damage to their systems was caused as a direct result of the City's negligence in delivering water containing excessive amounts of bacteria. We are not persuaded by the City's argument that, even if immunity does not apply here, the dismissal was nevertheless appropriate because AlliedSignal failed to plead specific facts in its complaint concerning the nature of the City's alleged negligence. Rule 8(a)(2)'s liberal pleading standard only requires that "the averments of the complaint sufficiently establish a basis for judgment against the defendant." *See Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir.1997).

Further, we are required to take all allegations of material fact in the complaint as true and construe them in the light most favorable to AlliedSignal. *See Jensen*, 145 F.3d at 1082. While AlliedSignal may not ultimately prevail, we cannot say that AlliedSignal's complaint fails to state a claim that would entitle it to relief under Arizona law. *See, e.g., Galati*, 920 P.2d at 15 (governmental immunity does not apply to plaintiff's negligence claims). The complaint tells the City that its allegedly negligent conduct caused the damage to AlliedSignal's systems, providing notice of the claim the City would need to defend against. *See Yamaguchi*, 109

---

**3.** It may well be that, as the City argues, the existence of bacteria in the water it delivered to AlliedSignal is an unavoidable result of the City's discretionary act of formulating a water disinfection policy that complies with federal law and that AlliedSignal will be unable to prove any other cause for the bacteria. Unlikelihood of success, however, does not, by itself, justify dismissal under Rule 12(b)(6).

*See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.").

F.3d at 1481 ("[A]ll the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). We conclude that the district court erred in dismissing Allied-Signal's claim for damages. Thus, we reverse the district court's dismissal of AlliedSignal's claim for damages and remand this case to the district court for further proceedings.

### B.

AlliedSignal also argues that the district court erred by dismissing its claim for injunctive relief. We disagree. As AlliedSignal concedes, the district court recognized that AlliedSignal's requested equitable relief could not be barred by the Immunity Act when it stated that "the statute immunizes a public entity only from money damages and not from equitable relief." *See Zeigler v. Kirschner*, 162 Ariz. 77, 781 P.2d 54, 61 (App.1989) (concluding that Immunity Act does not bar claims for equitable relief).

■■■■■ The district court concluded, however, that AlliedSignal's request for a "mandatory injunction and/or writ of mandamus" requiring the city to pre-treat its water so that it is free of CIB was governed by mandamus considerations. *See Oregon Natural Resources Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir.1995) ("When the effect of a mandatory injunction is the equivalent of mandamus, it is governed by the same standard."). The district court properly concluded that AlliedSignal's request for mandamus relief must fail because "mandamus may not be used to instruct a public official how to exercise discretion." *See Sears v. Hull*, 192 Ariz. 65, 961 P.2d 1013, 1016 (1998) ("[T]he general rule is that if the action of

a public officer is discretionary that discretion may not be controlled by mandamus.") (internal quotation omitted); *Kahn v. Thompson*, 185 Ariz. 408, 916 P.2d 1124, 1127 (App.1996) ("Mandamus may compel the performance of a ministerial duty or compel the officer to act in a matter involving discretion, but it may not designate how that discretion shall be exercised."); *Barron v. Reich*, 13 F.3d 1370, 1376 (9th Cir.1994) ("[M]andamus may not be used to impinge upon an official's legitimate use of discretion.").

■■■ Mandamus relief may be available, however, where a public official has violated statutory or regulatory standards delimiting the scope or manner in which official discretion can be exercised. *See Barron*, 13 F.3d at 1376. Here, as the district court recognized, AlliedSignal has not properly alleged that the City has violated any statutory or regulatory standards in the formulation and implementation of its water disinfection policy.[4] Thus, we conclude that the district court properly dismissed AlliedSignal's request for a writ of mandamus.

### IV. CONCLUSION

For the reasons stated herein we affirm in part, reverse in part, and remand for further proceedings. Each side will bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

FERGUSON, Circuit Judge, concurring in part and dissenting in part:

I concur in the part of the majority opinion which holds that the plaintiff does not have a claim for injunctive relief. I dissent from that part of the opinion which declares that the plaintiff may have a cause of action for monetary damages. The pleadings are insufficient to raise a

---

4. AlliedSignal's complaint states that "further investigation may show that Phoenix has also violated provisions of the federal Safe Drinking Water Act." AlliedSignal conceded, how-

ever, at oral argument before the district court and this court that it is not bringing a claim under the federal Safe Drinking Water Act.

claim of negligence. Moreover, the district court had it right-the city is immune from tort liability for delivering safe drinking water to the public.

### I.

It is true that Fed.R.Civ.P. 8(a)(2) requires only a short and plain statement of the relevant facts. Nonetheless, the plaintiff must set forth the theory of the case "with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir.1996). In *McHenry*, the court cited with approval a standard negligence complaint that attempted to offer at least a bare statement describing how the defendant struck and injured the plaintiff. *Id.* Here, AlliedSignal offers not even one fact to allege how the City of Phoenix breached its duty to provide "non-defective" water. AlliedSignal merely alleges that its water contained corrosion-inducing bacteria, that the water caused injury to its pipes, and that the city owed various duties of care to the company that were breached by the presence of the bacteria. But the mere presence of bacteria in its water does not establish a breach. Nowhere does Allied-Signal provide even a bare allegation that the bacteria in the water supply had no business being there, thus violating the city's duty of care.

Ample case law supports the proposition that more than conclusory allegations are needed to give the defendant the requisite notice of the plaintiff's claim under Rule 8(a)(2). *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir.1985) (upholding district court's determination that a conclusory complaint did not comply with Rule 8). *See also Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir.1998) (sufficient facts must be alleged to allow the court and defendants to understand the gravamen of the plaintiff's complaint); *Maljack Productions, Inc. v. Motion Picture Ass'n of America, Inc.*, 52 F.3d 373, 375 (D.C.Cir.1995) (inferences cannot be accepted if they are unsupported by the alleged facts, nor can the court accept purely legal conclusions masquerading as factual allegations); *Fleming v. Lind–Waldock & Co.*, 922 F.2d 20, 23 (1st Cir.1990) (each general allegation must be supported by a specific factual basis and pleadings are not sufficient where they rest on unsubstantiated conclusions). AlliedSignal has not identified any specific conduct that would subject the City of Phoenix to liability.

### II.

More importantly, as even the majority opinion concedes, the water AlliedSignal complains about "comes from the same water distribution system that provides drinking water to the City's residents." Slip Op. at 694. AlliedSignal's lawsuit does nothing more than challenge the city's delivery of this water, which the company has not alleged violates any federal safe drinking water standards. The City of Phoenix, in order to make the water it delivers fit and pure for human consumption, treats its water pursuant to a water disinfection policy. However, the plaintiff, a commercial user, claims that the water which is treated for human consumption is destroying its pipes. That is all that the complaint alleges, and it is simply silly.

It is this kind of case which fosters the clamor for tort reform. The State of Arizona already has acted. Under Arizona law, a city within the state which exercises "an administrative function involving the determination of fundamental governmental policy" is absolutely immune from liability. A.R.S. § 12–820.01(A)(2). A city's decision regarding how to treat water for safe human consumption is a quintessential exercise of fundamental policymaking in which public entities engage. *See Fidelity Sec. Life Ins. v. Arizona Dep't of Ins.*, 191 Ariz. 222, 954 P.2d 580, 583 (1998) (if the element of fundamental governmental policy is present in the decision making process, then the exercise of discretion is presumed). The plaintiff, therefore, cannot make the city pay for the alleged damage

to its water pipes merely from drinking water that the city has determined must contain some bacteria in order to be safe for human consumption.

Even if Arizona had not adopted its immunity rule, Phoenix would not be liable under the common law. In 1928, Justice Cardoza, then writing for the New York Court of Appeals, adopted a sensible tort reform rule. Simply stated, the rule is that in tort law there is no liability if the damage was not foreseeable. *Palsgraf v. Long Island R.Co.*, 248 N.Y. 339, 162 N.E. 99 (1928).

Our Supreme Court has adopted a similar principle in cases involving qualified immunity for public officials alleged to have acted under color of law in Section 1983 actions. They are not liable unless their conduct clearly was prohibited at the time of the alleged injury, and a reasonable person would have known of this prohibition. *Wilson v. Layne*, —— U.S. ——, 119 S.Ct. 1692, 1696, 143 L.Ed.2d 818 (1999). In this case, there is not even a hint anyplace that treating water for human consumption creates an action for damages when the water which is beneficial to humans is destroying the pipes that carry it.

Judge Rosenblatt was correct in dismissing this frivolous litigation. I respectfully dissent.