**ESTATE OF Thomas MCLOONE; Dennis Lane, personal representative Plaintiffs–Appellants,**

v.

**INTEL CORPORATION, Defendant–Appellee.**

No. 99–35559.

D.C. No. CV–98–5437–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2000.

Decided Jan. 12, 2001.

Before B. FLETCHER, FISHER, Circuit Judges, and SCHWARZER,* District Judge.

---

* Honorable William W Schwarzer, Senior District Judge for the Northern District of Cali-

## MEMORANDUM **

The Estate of Thomas McLoone ("the Estate") brought this action against defendant Intel Corp. ("Intel") alleging that Intel had not informed the Estate of its right to McLoone's stock options until the period to exercise the options had expired, despite the repeated inquiries of the Estate administrator about the scope of the benefits to which the Estate was entitled. The Estate contends that Intel violated its fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Intel responds that it had no such duty with respect to the stock options because the options were not part of an ERISA plan. The district court granted summary judgment in favor of defendant. Finding plaintiff's amended complaint had not alleged any common law claims, the court dismissed the action in its entirety.

■ The stock options were not part of an ERISA plan. Intel's plan under which the stock options were given to McLoone does not meet the statutory definition of either an employee welfare benefit plan or an employee pension benefit plan. *See* 29 U.S.C. §§ 1002(1), 1002(2)(A). Even though Intel's compensation handbook unfortunately might give lay employees the impression that all benefits are covered by ERISA, the impression conveyed to lay-persons does not establish whether ERISA coverage exists when the benefit does not even arguably fall within the purview of ERISA.

■ The district court's finding that the Estate had failed to allege any common law claims in its amended complaint functioned as a dismissal under Fed.R.Civ.P. 12(b)(6). The dismissal without notice and without leave to amend was improper. Under the Federal Rules' liberal notice pleading standards, the complaint may have been sufficient to plead common law claims, and in any event, the Estate should have been given the opportunity to amend the complaint. *See AlliedSignal, Inc. v. City of Phoenix,* 182 F.3d 692, 696 (9th Cir.1999); *Yamaguchi v. U.S. Dep't of the Air Force,* 109 F.3d 1475, 1480–81 (9th Cir.1997).

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.