Jeff GROSSO, Plaintiff–Appellant,

v.

**MIRAMAX FILM CORP., a New York Corporation; Miramax Books; Spanky Pictures, a New York Corporation; David Levien, an individual; Brian Koppelman, an individual; Ted Demme, an individual; Joel Stillerman, an individual, Defendants–Appellees.**

No. 01–57255.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2003.

Filed Sept. 8, 2004.

Amended March 15, 2005.

Ellrod, Ramirez, Los Angeles, CA, for the plaintiff-appellant.

Richard L. Charnley, Nelson, Thompson, Pegue & Thornton, Santa Monica, CA, for the defendants-appellees.

Before SCHROEDER, Chief Judge, THOMPSON, and SGRABER, Circuit Judges.

## ORDER

The opinion is amended to add a new penultimate paragraph as follows:

> We express no opinion on the question whether the facts adduced during the summary judgment proceedings on Grosso's *copyright* claim can support the *Desny* claim set forth in Grosso's complaint. Our decision is compelled by the procedural posture of the *Desny* claim. Because the district court granted Miramax' motion to dismiss under Rule 12(b)(6), our inquiry begins and ends with Grosso's First Amended Complaint. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir.1998) (stating that "[t]he focus of any Rule 12(b)(6) dismissal—both in the trial court and on appeal-is the complaint"). Further, we must take all factual allegations as true and must construe them in the light most favorable to the non-moving party. *AlliedSignal, Inc. v. City of Phoenix*, 182 F.3d 692, 695 (9th Cir.1999). With those limitations on our review in mind, we hold only that the First Amended Complaint states a *Desny* claim. We need not and do not decide whether the summary judgment record or any future record, yet to be developed, supports that claim.

The panel has voted to deny the petition for panel rehearing and petition for rehearing en banc.

The full court was advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P.

The petition for panel rehearing and the petition for rehearing en banc are DENIED.

No future petitions for panel or en banc rehearing will be entertained.