NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JUN 12 2017

FOR THE NINTH CIRCUIT

SOLARCITY CORPORATION,

No.    15-17302

Plaintiff-Appellee,

D.C. No. 2:15-cv-00374-DLR

v.

MEMORANDUM[*]

SALT RIVER PROJECT
AGRICULTURAL IMPROVEMENT AND
POWER DISTRICT,

Defendant-Appellant.

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted November 18, 2016
San Francisco, California

Before:  KOZINSKI, GILMAN,[**] and FRIEDLAND, Circuit Judges.

We lack jurisdiction to consider the Power District's arguments based on

Arizona Revised Statutes section 12-820.01.  That section establishes an immunity

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

against claims for damages, but not against claims for injunctive relief. *AlliedSignal, Inc. v. City of Phoenix*, 182 F.3d 692, 697 (9th Cir. 1999) (citing *Zeigler v. Kirschner*, 781 P.2d 54, 61 (Ariz. Ct. App. 1989)). SolarCity's claims for antitrust damages were dismissed, and neither it nor the Power District has appealed that decision. SolarCity also abandoned its previously asserted claim for tort damages in favor of an earlier trial. Thus, section 12-820.01 can become relevant only after judgment is entered, if at all—for example, if SolarCity eventually appeals the district court's order dismissing its damages claims. The Power District's current appeal of the issue is thus not ripe.[1] *See, e.g.*, *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (emphasizing that a collateral order can be appealed only if review would be ineffective after final judgment); *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985))).

Lastly, as to the filed-rate doctrine, the Power District argues only that we have pendent jurisdiction to consider its appeal. We cannot have pendent

---

[1] The Power District's motion for judicial notice is accordingly denied as moot.

jurisdiction without appellate jurisdiction over some other matter—which we lack

for the reasons stated above and in our concurrently filed opinion.

**DISMISSED.**